PACIFIC RAILROAD *v.* MISSOURI PACIFIC RAILWAY COMPANY
and others.

*(Circuit Court, E. D. Missouri.  ——, 1880.)*

1. JURISDICTION—SUBPŒNAS—SERVICE.—A suit to set aside a decree of
foreclosure and sale thereunder is not so far a mere continuation of
the original foreclosure suit as to authorize the service of subpœnas
upon persons without the territorial jurisdiction of the court.

2. SAME—SAME—SAME—SOLICITORS.—The service of subpœnas on solici-
tors and attorneys of persons before the court in the former suit is of
no validity, until an application to the court has first been made, set-
ting forth the circumstances which render such service proper, and
an order obtained from the court directing that service be made, and
that such service, when made, should answer as a substitute for actual
service on the parties so represented by the attorneys or solicitors.

Motion to vacate service of process.

*Glover & Shepley,* for complainant.

*Melville C. Day,* for defendants.

MILLER, C. J., *(orally.)*  The case in which the motion is
made that we are about to decide is a suit brought in the cir-
cuit court of the United States for the eastern district of Mis-
souri, to set aside a decree and sale of the Missouri Pacific
Railroad, made upon a proceeding to foreclose a mortgage
upon that road.  In addition to the Missouri Pacific Railroad
Company, and some persons who were also parties in that
suit, the present bill makes parties of the purchasers at the
sale, and several other individuals who were not parties to
the former suit.  Some of these are not citizens or residents
of the state of Missouri, and have not been found within the
district.  The subpœnas were issued, and, in some cases,
services had on these persons in the state of New York, and
in the state of New Jersey; and service has also been made,
without any previous authorization of the court, on the attor-
neys and solicitors in the former suit of some of the defend-
ants in the present suit.  The motion is to vacate and set
aside all these services.

The argument, by which it is endeavored to support the
service of process upon persons without the district, is that

the present suit is one that is auxiliary to the former suit in which the decree of foreclosure was had; that it is so far merely a continuation of that suit; and that it is not a new and original suit in the sense that requires process to be restricted to those who have the requisite citizenship in ordinary suits in the federal courts. It may be conceded for the purposes of this motion that it is to a certain extent auxiliary to the original foreclosure suit, and that proceedings to set aside that decree, and to set aside also the sale of the railroad under that decree, can only be instituted in the circuit court of the United States in which that decree was rendered. But it also partakes so far of the nature of an original suit that the parties who are here contesting service of this process cannot be brought before the court by anything short of a subpœna in chancery; and cannot be compelled to answer and respond to the allegations of the present bill in any other mode than in the mode usually adopted in original chancery bills.

The argument that in such a case as this a subpœna in chancery can be issued so as to run beyond the territorial limits of the jurisdiction of the court, and be validly served beyond that jurisdiction, overlooks two important propositions:

1. It is of the essence of the power and jurisdiction of all courts that their process is of no validity beyond the territory in which the court sits and to which its jurisdiction extends. If, therefore, there is no other statute on the subject than simply that the circuit court of the United States for the eastern district of Missouri shall have jurisdiction co-extensive with the limits of the district, it would follow logically from this limitation upon the inherent power of all courts that its process shall be of no validity beyond its territorial lines. There is nothing in any statute of the United States that gives to the process of the circuit court of the United States, in a civil case, any power to bring a party within the jurisdiction of that court when he is not in and cannot be served within the limits of the territory.

2. On the contrary, section 739 of the Revised Statutes, which represents the law as it has been ever since 1789, pro-

vides "that no civil suit shall be brought before either of said courts [meaning the circuit and district courts of the United States] against any inhabitants of the United States by any original process in any other district than that in which he is an inhabitant, or in which he is found at the time of serving the writ." The exception to that found in the same section is in suits of a local nature, in a state which contains more than one district, the process may run to any point within the state.

Section 738 of the Revised Statutes declares that "when any defendant in a suit in equity, to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought, is not an inhabitant of nor found within the said district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear, plead, answer, or demur to the complainant's bill, at a certain day, to be therein designated;" and the statute then proceeds that the court may direct service of this order by publication, or by actual personal service on the party. But this section does not authorize the issuance of the process, either of summons or subpœna in chancery, to be served beyond the limits of the jurisdiction of the court. And the present case derives no aid from it if it did, because this is not a suit to enforce any legal or equitable lien or claim against real or personal property. These very exceptions, however, to the general rule of law, that the process of a court does not extend beyond its territorial limits, and to the statute, which requires that no suit shall be brought against any person in any other district than that of which he is an inhabitant or found at the time of serving the writ, go themselves to prove the strength and extent of the rule of limitation.

We are of opinion, therefore, that there is no law which permits a subpœna in chancery to issue on the present bill, to whoever it may be directed, to be served upon a party who is neither an inhabitant of the state of Missouri, nor found within the district in which the suit is pending.

As regards the subpœnas served on solicitors and attorneys

of persons before the court in the former suit, the course of procedure in such cases has been well settled by the former practice of the court; and that is that, before such service can be of any validity, an application to the court must be made setting forth the circumstances which render such a service on the attorney or solicitor proper, and the order obtained from the court directing that service be made, and that such service, when made, shall answer as a substitute for actual service on the party so represented by the attorney.

The motion, therefore, to vacate the service of process in all these cases is granted.