## BOWMAN *v.* BOWMAN.

*(Circuit Court, N. D. Illinois.*   May 16, 1887.)

1. REMOVAL OF CAUSES—PROCEEDINGS FOR DIVORCE.

   A suit for divorce was removed under the act of March 3, 1887, defendant denying in his petition the allegation of marriage set out in the bill, and claiming that the controversy arose between citizens of different states. *Held,* upon motion to remand, that the case could not be removed upon the issue made, as the determination of such issue would not necessarily dispose of the case.

2. SAME—ACT MARCH 3, 1887—AMOUNT IN CONTROVERSY—ALIMONY.

   In a suit for divorce, defendant alleged in his petition for removal that the amount in controversy exceeded $2,000, upon the ground that the complainant charged in her bill that he was the owner of valuable real estate, and received an income of not less than $10,000 per annum, and prayed an award of alimony according to the equities of the case. *Held,* in view of the fact that the allowance of alimony was discretionary and the amount uncertain, that it could not be said to be a suit wherein the matter in controversy exceeded the sum of $2,000.

In Equity.   Bill for divorce.

*Hogan, Case & Hogan,* for complainant.

*Frank J. Bowman, pro se,* and *L. M. Shreve,* for defendant.

BLODGETT, J.   This is a bill for divorce, originally filed by the complainant in the circuit court of Cook County, and by the defendant removed to this court.   A motion is now made to remand on the ground that it is not a removable case.   The application to remand was made in the state court before an answer was filed by the defendant; but in his petition for removal the defendant alleges that the complainant, Ida M. Bowman, was never married to the defendant, and is not his wife, but is a *feme sole,* and wholly denies the allegation of marriage set out in the bill; and alleges further that the defendant is a citizen of the state of Missouri, and the complainant is a citizen of the state of Illinois, and has been for many years past, and that she was never a citizen of the state of Missouri.   The right of removal is claimed upon the ground that the controversy in the case is between a citizen of Missouri and a citizen of Illinois, and that it involves more than the sum of $2,000; the defendant insisting that he has the right as a citizen of Missouri to have the issue he makes in the case, that he was never married to the complainant, tried in this court.

It is a rule so well fixed as not to require the citation of authorities in its support that the citizenship of the wife follows the citizenship of the husband; and hence, for this reason, perhaps more than any other, this class of litigation has never obtained admission in the federal courts. In *Barber* v. *Barber,* 21 How. 582, it is said:

"We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery, or as an incident to a divorce *a vinculo,* or to one from bed and board."

v.30F.no.12—54

There was a dissenting opinion filed in this case, concurred in by Chief Justice Taney and Justices Daniel and Campbell, and the main ground of their dissent was that there could be no jurisdiction in the federal courts to try this class of cases, because the citizenship of the husband and wife were one. So that we have in that case the unanimous opinion of the court that this class of cases cannot be entertained here.

As before stated, it is contended as the sole ground of the right to remove this case that the defendant being, as he alleges, untruthfully charged with being the husband of the complainant, and being a citizen of the state of Missouri, while, as he alleges, she is a citizen of the state of Illinois, he is entitled to have that issue tried by the federal court; and that there is therefore raised by that issue a controversy between citizens of different states. This seems to be plausible at first; but when we remember that if this issue should be decided against the defendant, and in favor of the complainant, the case must then be dismissed for want of jurisdiction in this court, it seems to me that we find in this very result a conclusive reason why the case is not removable. It could not have been any part of the intention of congress that a case should be removed from the state to the federal court for the purpose of trying a preliminary and single issue therein which might not fully determine and dispose of it. If this issue should be determined in favor of the defendant, it might then be said that it would end the case; but, if it should be determined in favor of the complainant, then this court could not proceed to decree a divorce, or act upon the prayer in the bill for alimony, and hence this court would be compelled to return the case to the state court to proceed with it to final conclusion. It cannot be expected that the state court can take up this case where this court leaves it to act upon an issue, and a judgment upon that issue, decided in this court, and consider itself bound by the action of this court in that regard. The statute allowing the removal of cases from the state to the federal courts by its provisions clearly contemplates that when removed the case must be removed into this court for all purposes, and for a final judgment or decree, no matter which way the issues may be found. Therefore, without discussing at length the main question as to whether this court can have jurisdiction of the subject-matter of divorce, it is enough to say that this case, I think, cannot be removed into this court for trial upon the preliminary issue which the defendant has seen fit to make, and upon which, he admits, if found against him, the case must go back to the state court.

The petition for the removal of this cause was filed on the fifth of March last, and hence comes under the act of March 3, 1887, limiting the right of removal to cases involving an amount exceeding $2,000. The defendant contends that the amount in controversy in this case exceeds that sum, because the complainant in her bill charges that he is the owner of valuable real estate and property interests, and is also receiving an income of not less than $10,000 per annum, and prays an award of alimony according to the equities of the case. It seems to me

that inasmuch as it is wholly uncertain as to what amount of alimony the court may under any circumstances allow in a case like this, and as alimony is only an incident to the right to a divorce, and may or may not be allowed in the discretion of the court, that this cannot be said to be a suit where the matter in controversy exceeds the sum of $2,000,—the controversy in this case being complainant's right to a divorce, and not as to the amount of alimony to be awarded; and hence I doubt whether the case comes within the jurisdictional clause of the removal acts.

The case is therefore remanded to the circuit court of Cook county