### MANNING v. BERDAN et al.

#### (Circuit Court, D. New Jersey. September 20, 1904.)

**1. JURISDICTION OF FEDERAL COURTS—RESIDENCE OF PARTIES—ANCILLARY SUIT.**

A bill filed on the equity side of a federal court to enjoin the further prosecution of an action at law therein, by the defendant in such action, who is a nonresident of the state, against the plaintiff therein and a nonresident corporation, which is not a party to the law action, is not ancillary in such sense as to give the court jurisdiction over the corporation defendant by service on its attorneys within the district, or on such defendant outside of the district, but is an original suit, within the meaning of the judiciary act of March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], which requires such suits to be brought in the district of the residence of either the plaintiff or defendant.

**2. SAME—LOCAL ACTIONS—SUIT FOR CANCELLATION OF NOTE.**

A suit in equity in a federal circuit court to enjoin the further prosecution therein of an action at law against complainant on a promissory note by a citizen and resident of the state in which the suit is brought, and to have such note canceled and delivered up to complainant, on the ground that it was obtained by fraud, is one to enforce an equitable claim to property within the district, within the meaning of section 8 of the judiciary act of March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513], and the court is authorized by an order made thereunder to bring in the nonresident payee of the note, who is alleged in the bill to have or claim some interest therein.

In Equity. On rule to show cause.

William P. Chapman, Jr., and Robert H. McCarter, for complainant.

John W. Harding, for defendant W. K. Niver Coal Co.

LANNING, District Judge. William N. Berdan, a citizen of the state of New Jersey, brought a suit at law in the Supreme Court of the state of New Jersey against Henry S. Manning, a citizen of the state of New York, to recover the sum of $51,250 upon a promissory note given for that sum by Manning to the order of W. K. Niver Coal Company, and by that company indorsed over to Berdan. The suit having been removed to this court, Henry S. Manning has now filed his bill in equity, praying for an injunction to stay the suit at law and for other relief, and making as parties defendant to his bill William N. Berdan, the plaintiff in the law suit, and W. K. Niver Coal Company, a corporation organized under the laws of the state of Pennsylvania. A rule to show cause why such injunction should not issue has been allowed, and now,

upon its return, the counsel for the W. K. Niver Coal Company, who has entered a special appearance for the purpose of objecting to the jurisdiction of the court, moves that the bill be dismissed on the ground that this court can acquire no jurisdiction of the coal company. This is the only question that the court is now required to consider.

The coal company's objection to the jurisdiction of the court is founded on the first section of the removal act of March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], providing that:

"No civil suit shall be brought before either of said courts [that is, the Circuit and District Courts] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

If this suit is to be regarded as an original proceeding, then, since the coal company is not a citizen or inhabitant of the state of New Jersey, the objection of the coal company to the jurisdiction of this court is admittedly sound, provided the case does not come within the terms of the eighth section of the removal act (18 Stat. 472 [U. S. Comp. St. 1901, p. 513]) hereafter referred to. The complainant, however, contends that the proceeding is not an original one, but a suit ancillary to the law suit, and that by the practice established by numerous decisions the court may authorize service of process upon any attorney of the coal company who is within the territorial jurisdiction of this court.

Many cases were referred to on the argument by the counsel of the respective parties in which bills filed in the Circuit Courts of the United States have been adjudged to be bills in ancillary suits, but I think that none of them is a precedent for adjudging a suit like the one now in hand as a suit purely ancillary to another. Here we have a suit at law pending in this court, and a bill filed in the equity side of this court by the defendant in that suit against the plaintiff in that suit, and also against the coal company, which is not a party to that suit, and which is not a citizen of the state of New Jersey. In none of the cases referred to by counsel has a bill been sustained as one purely ancillary where a necessary party defendant to the bill was neither a party to the previous suit, nor a citizen of the state within which the previous and subsequent suits were brought.

In Pacific R. R. of Mo. v. Missouri Pacific Railway, 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498, it appears that a bill was filed in the Circuit Court for the Eastern District of Missouri by the Pacific Railroad of Missouri, a Missouri corporation, against citizens of Missouri and other states, to set aside a sale of railroad property made under the authority of a decree rendered by the same court in a previous suit known as the Ketchum suit. There were defendants to the bill who were not parties to the Ketchum suit, and who were not residents of the state of Missouri. At page 522, 111 U. S., page 592, 4 Sup. Ct., 28 L. Ed. 498, Mr. Justice Blatchford said:

"On the question of jurisdiction the suit may be regarded as ancillary to the Ketchum suit, so that the relief asked may be granted by the court which made the decree in that suit, without regard to the citizenship of the present parties, though partaking so far of the nature of an original suit as to be subject to the rules in regard to the service of process which are laid down by Mr. Justice Miller in Pacific Railroad v. Missouri Pacific Railway Co. (C. C.) 1 McCrary, 647, 3 Fed. 772. The bill, though an original bill in the chancery sense of the word, is a continuation of the former suit, on the question of the jurisdiction of the Circuit Court. Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633, 17 L. Ed. 886."

In the case in 1 McCrary, above referred to, reported also in 3 Fed. 772, a motion to vacate service of process was made. The case was doubtless the same one disposed of on appeal by the Supreme Court in 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498. In addition to the Missouri Pacific Railway Company, and some individuals who were also parties in the former suit, the new bill made as parties defendant to it the purchasers at the sale under the decree made in the former suit, and several other individuals who were not parties to the former suit. Some of the new parties were not citizens or residents of the state of Missouri, and had not been found within the Eastern District of Missouri. Subpœnas had been issued, and in some cases service had been made on the new parties in the state of New York and in the state of New Jersey. Service had also been made, without any previous authorization of the court, on the attorneys and solicitors of parties in the former suit, and of some of the new defendants in the new suit. The argument by which the complainant sought to support the service of process upon the persons outside of the district of Missouri was that the new suit was ancillary to the former suit, and a continuation of it, and not a new and original suit, in a sense that requires process to be restricted to those who have the requsite citizenship in ordinary suits in the federal courts. In commenting on the case, Mr. Justice Miller said:

"It may be conceded for the purposes of this motion that it is to a certain extent auxiliary to the original foreclosure suit, and that proceedings to set aside that decree, and to set aside also the sale of the railroad under that decree, can only be instituted in the Circuit Court of the United States in which that decree was rendered. But it also partakes so far of the nature of an original suit that the parties who are here contesting service of this process cannot be brought before the court by anything short of a subpœna in chancery, and cannot be compelled to answer and respond to the allegations of the present bill in any other mode than in the mode usually adopted in original chancery bills. The argument that in such a case as this a subpœna in chancery can be issued, so as to run beyond the territorial limits of the jurisdiction of the court, and be validly served beyond that jurisdiction, overlooks two important propositions: (1) It is of the essence of the power and jurisdiction of all courts that their process is of no validity beyond the territory in which the court sits, and to which its jurisdiction extends. If, therefore, there is no other statute on the subject than simply that the Circuit Court of the United States for the Eastern District of Missouri shall have jurisdiction coextensive with the limits of the district, it would follow logically from this limitation upon the inherent power of all courts that its process shall be of no validity beyond its territorial lines. There is nothing in any statute of the United States that gives to the process of the Circuit Court of the United States, in a civil case, any power to bring a party within the jurisdiction of that court when he is not in, and cannot be served within, the limits of the territory. (2) On the contrary, section 739 of the Revised Statutes,

which represents the law as it has been ever since 1789, provides 'that no civil suit shall be brought before either of said courts [meaning the Circuit and District Courts of the United States] against any inhabitant of the United States by any original process in any other district than that in which he is an inhabitant, or in which he is found at the time of serving the writ.' The exception to that found in the same section is, in suits of a local nature, in a state which contains more than one district, the process may run to any point within the state. * * * We are of opinion therefore that there is no law which permits a subpœna in chancery to issue on the present bill to whoever it may be directed to be served upon a party who is neither an inhabitant of the state of Missouri nor found within the district in which the suit is pending. As regards the subpœnas served on solicitors and attorneys of persons before the court in the former suit the course of procedure in such cases has been well settled by the former practice of the court; and that is that before such service can be of any validity, an application to the court must be made, setting forth the circumstances which render such a service on the attorney or solicitor proper, and the order obtained from the court directing that service be made, and that such service, when made, shall answer as a substitute for actual service on the party so represented by the attorney. The motion therefore to vacate the service of process in all these cases, is granted."

The present suit does not have for its object the vacation of a judgment or decree rendered in a previous suit. Its object is rather to terminate the suit at law now, before judgment is recovered therein, and to withdraw all litigation concerning the note from the law side of this court to the equity side. That fact gives it the appearance of an original suit in chancery. It is not necessary to decide whether it has an ancillary feature, for, like the case in 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498, it certainly partakes "so far of the nature of an original suit as to be subject to the rules in regard to the service of process which are laid down by Mr. Justice Miller." Those rules make it clear that, in a suit like the one at bar, substituted service of subpœnas upon solicitors can be made only upon the solicitors of persons who were parties in the original suit, and then only after the court, for proper cause, has granted an order allowing such substituted service. In the case at bar, no service of subpœna upon a solicitor of the Niver Coal Company would be good, nor can service upon the company itself be made outside of the district of New Jersey. Unless the company can otherwise be brought into this court, the suit must proceed against Berdan only, or, if the company be a necessary party to the relief sought by the bill, so that the suit cannot proceed against Berdan alone, the bill must be dismissed.

But the complainant also contends that, whether the suit be ancillary or original, the bill should be sustained, because of the nature of the relief sought, and the provisions of section 8 of the removal act of March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513]. That section provides for bringing in absent defendants by order of publication "in any suit commenced in any Circuit Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district where such suit is brought." The complainant insists that he has an equitable claim to the promissory note on which Berdan has sued at law, that it was obtained from the complainant by fraud, and

that it should be canceled and delivered up to the complainant. The ground upon which that claim is based is set forth in the bill, but on this motion it is not necessary to consider the merits of that claim. It is sufficient to say that the bill alleges facts upon which the complainant claims the right to the possession of the note. If the allegations of the bill are insufficient to entitle the complainant to the relief he seeks, the bill may be demurrable, but that question cannot be considered until after the coal company shall have appeared generally to the suit and filed its demurrer. For the present, it appears only specially to move that the bill be dismissed for want of power to bring it involuntarily into this court.

Berdan, the plaintiff in the law suit, is a citizen of New Jersey. The promissory note upon which he brought his suit at law must be in his possession, and therefore must be within the district of New Jersey. But the counsel for the coal company contends that the note is not "personal property," within the meaning of the language contained in section 8 of the removal act of March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513]. His argument is that the note is a mere promise in writing, and mere evidence of a debt owing by its maker. But it seems to me that this is too narrow a view to take of the matter. The promissory note is something more than a mere written promise. It is a negotiable instrument. It is recognized by the law merchant as property. The transfer of title to the debt is evidenced by a transfer of title to the note. Manning's note for $51,250 is "personal property" in the same sense that his bond for $51,250 would be, and in the same sense that bonds of the United States for the same sum would be. If Berdan, a citizen of New Jersey, were in possession of bonds of the United States to the amount of $51,250, to which the complainant, Manning, insisted he had an equitable claim, could the argument be successfully maintained that because the Niver Coal Company also claimed an interest, or was believed by the complainant to claim an interest, in those bonds, this court could not, under the provisions of section 8 of the removal act, upon a bill filed by Manning, acquire jurisdiction of the Niver Coal Company by an order of publication? It seems to me it could do so; it seems to me that such a case comes clearly within the terms of section 8; and it likewise seems to me clear that no distinction can be made as between a promissory note and such bonds as I have above referred to.

Therefore, on the question of jurisdiction, my opinion is that the bill should be sustained. If the Niver Coal Company does not appear voluntarily, an order of publication, on filing proper proofs of nonresidence, will be made.

The motion to dismiss the bill is denied.