MANNING v. BERDAN et al.

(Circuit Court, D. New Jersey. February 15, 1905.)

1. EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW—SUIT FOR CANCELLATION OF-NOTE.

A federal court of equity has jurisdiction of a suit for the cancellation of a promissory note alleged to have been obtained from complainant by fraud, the remedy at law not being plain, adequate, and complete.

2. CORPORATIONS—FRAUD OF PROMOTERS—BASIS FOR EQUITABLE RELIEF.

False and fraudulent representations made in a prospectus issued by the promoters of a corporation respecting the value of property which was to be transferred by them to the corporation when organized, afford ground for equitable relief against the corporation in behalf of one who subscribed for its stock in reliance on such representations.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 244–265.

Acts of corporators and promoters, see note to Yeiser v. United States Board & Paper Co., 46 C. C. A. 576.]

In Equity. On application for preliminary injunction.

William P. Chapman, Jr., and Robert H. McCarter, for complainant.

John W. Harding, for defendants.

LANNING, District Judge. A motion has heretofore been made in this cause by the defendant the W. K. Niver Coal Company to dismiss the bill of complaint for want of jurisdiction. The motion was denied. See opinion (C. C.) 132 Fed. 382. The cause now comes before the court on an application by the complainant for an injunction to restrain the further prosecution of an action at law, and has been heard on the bill of complaint, with the affidavits thereto annexed and the answering affidavits. It appears that William N. Berdan instituted an action at law in the Supreme Court of the state of New Jersey against Henry S. Manning to recover the sum of $51,250 upon a promissory note given by Manning to the order of the W. K. Niver Coal Company. The action was removed to this court. The parties in it are William N. Berdan, plaintiff, and Henry S. Manning, defendant. The parties in this suit are Henry S. Manning, complainant, and William N. Berdan and the W. K. Niver Coal Company, defendants. The objects of the bill are to secure an injunction to stay the action at law, to com-

pel the surrender of the note of the complainant for cancellation, and to secure a discovery in aid of the relief sought. The substance of the complaint is that William K. Niver and John B. McDonald, copartners in the mining business, caused the W. K. Niver Coal Company to be organized as a corporation under the laws of the state of Pennsylvania for the purpose of conveying to the corporation the property and business of the copartnership, and to the end that the corporation might acquire certain other mining properties; that the corporation and Niver and McDonald issued a prospectus concerning the affairs of the corporation, containing fraudulent overvaluations of the copartnership property, and other fraudulent misrepresentations of material facts; that the authorized capital stock of the corporation was $2,000,000, and that it had provided for an issue of $1,000,000 of its mortgage bonds; that the most of the stock and a large part of the bonds were issued to Niver and McDonald as a consideration for their copartnership property and business on a basis of enormously inflated values of that property and business; that the facts which would show these inflated values were concealed in the prospectus and by the corporation and its promoters and agents; that, relying on the prospectus and the statements of one R. A. C. Smith, who was authorized to act for the corporation and whose statements the complainant declares to have been false, the complainant was induced to sign a contract for the purchase of $50,000 of the mortgage bonds and 250 shares of the corporation's capital stock, and to give therefor his promissory notes for $50,000, which were subsequently renewed by a single note for $51,250, being the amount of the original notes with interest, and being the note which the complainant now seeks to have surrendered and canceled; that the complainant had no knowledge of the alleged misrepresentations and concealments when he gave the last note; and that on discovery of the facts he promptly rescinded the contract, tendered to the corporation the 250 shares of the capital stock which he had received (no bonds ever having been delivered to him), and demanded the surrender to him of the promissory note.

The first objection made by the defendants to the granting of the injunction is that the complainant has an adequate defense to the action at law. In urging this objection, the attention of the court has been directed to section 723 of the Revised Statutes [U. S. Comp. St. 1901, p. 583]. This section provides that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." The primary object of the bill, however, is to secure a surrender of the note and its cancellation. Section 723 does not alter the rule that was in force prior to 1789, when it was first enacted, concerning the power of a court of equity to assume jurisdiction in a case triable at law. In Boyce v. Grundy, 3 Pet. 215, 7 L. Ed. 655, the court said concerning this section that:

"It is merely declaratory, making no alteration whatever in the rules of equity on the subject of legal remedy. It is not enough that there is a remedy

at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity."

In Jones v. Bolles, 9 Wall. 364, 19 L. Ed. 734, it appears that Bolles, on behalf of himself and all other stockholders of the Mineral Point Mining Company, filed his bill of complaint against Jones and the mining company for an injunction to restrain Jones from suing for, claiming, or demanding against the mining company the purchase money of a certain tract of mining land which he had conveyed to the mining company. The matter set forth in the bill as a ground for the relief prayed for was a charge of misrepresentation, concealment, and fraud on the part of Jones, he being an agent of the mining company, whereby he induced Bolles to purchase for himself and others capital stock of the mining company. Jones answered the bill, denying the principal charges in it. The Circuit Court for the District of Wisconsin enjoined Jones from bringing any action at law against the mining company, directed him to execute a release, and declared the agreement entered into between him and the mining company, which he had concealed from Bolles, to be void. On the appeal Mr. Justice Bradley said:

"It is objected that a court of equity has no jurisdiction of the case because the law affords a complete remedy in damages. This objection is groundless. Equity has always had jurisdiction of fraud, misrepresentation, and concealment; and it does not depend on discovery. But in this case a court of law could not give adequate relief. The agreement complained of is perpetual in its nature, and the only effectual relief against it, where the keeping of it on foot is a fraud against parties, is the annulment of it. This cannot be decreed by a court of law, but can by a court of equity."

In Metler's Administrators v. Metler, 18 N. J. Eq. 270, the complainant filed a bill praying for a perpetual injunction to restrain an action at law upon a promissory note which had been given without consideration, and for a surrender and cancellation of the note. The defendants demurred to the bill, and set up as a defense that the complainants had an adequate remedy at law. But the chancellor held that in such a case the remedy at law was not complete, and that the promissory note, which appeared to be valid on its face, might, in case of a discontinuance of or nonsuit in the action at law, be held until the evidence of its being without consideration should be lost, when a suit on it brought against the maker or his representatives might be successful. "In such case," said the chancellor, "the jurisdiction of courts of equity to order the security to be given up to be canceled is now well established. There has been some diversity of opinion and decision on this point, and more in cases when the instrument asked to be canceled is at law void on its face; but even then the weight of authority is in favor of it. In cases where the instrument is on its face valid, and especially if negotiable, the jurisdiction of the court is founded upon principle adopted among other cases in bills quia timet, and is now settled by authority." The decree of the chancellor was affirmed by the New Jersey court of last resort. See 19 N. J. Eq. 457.

The reasonableness of such a rule is well illustrated in this case. By the bill of complaint it is charged that the W. K. Niver Coal Company, the payee mentioned in the note, transferred it to Berdan after maturity, without consideration, and with notice that Manning claimed a good defense thereto; and, further, that Berdan is not the beneficial owner of the note, has no real interest in it, and that he holds it for the use and benefit of the W. K. Niver Coal Company. Berdan does not claim to have any interest in the note. In his affidavit he says that the note was transferred to him by John B. McDonald, to the end that he (Berdan) might bring action thereon "for the benefit of the said John B. McDonald." Berdan may discontinue the action at law commenced by him, and deliver the note back to his transferror, who may again cause another action at law to be commenced against Manning, or, in the event of his death, against his representatives. If the note was in fact obtained from the complainant by the fraud of the W. K. Niver Coal Company or of its agents, and if Berdan is chargeable with notice of that fraud, the complainant should not be denied the relief which a court of equity may give him. In such circumstances he cannot have, in an action at law, "a plain, adequate, and complete remedy," and therefore there is nothing in section 723 of the Revised Statutes [U. S. Comp. St. 1901, p. 583] that prohibits his application to a court of equity for the relief which it may afford.

Another objection by the defendants to the granting of the injunction prayed for is that neither the bill of complaint nor the affidavits annexed thereto show any misrepresentations or concealments of material facts for which the W. K. Niver Coal Company can in any wise be held responsible. This objection I deem to be without merit. Some of the allegations in the bill of complaint have already been set forth. Another important one is that by the law of the state of Pennsylvania, under which the W. K. Niver Coal Company is organized, it is provided that no corporation shall issue stock or bonds except for money, labor done, or property actually received; that all fictitious increase of stock or indebtedness over and above the honest valuation of the property received in consideration therefor shall be void; that the holders of the shares of stock of a corporation which have not been fully paid shall be liable to creditors of the corporation for its debts to the extent of the unpaid portion of the capital stock; and that, if the complainant shall continue to hold the shares of stock delivered to him without objection, and without rescission of the contract under which those shares were delivered to him, he may be held liable for the debts of the corporation. I do not find that the allegation concerning the law of the state of Pennsylvania is verified by any affidavit, but the allegation as to the overvaluations of the property and business of Niver and McDonald, and as to the suppressions of material facts in the prospectus, are verified. The complainant says the prospectus was shown to him at the time his signature to the contract of purchase was obtained, and that he relied wholly upon his confidence in the promoters of the corporation, and without personal

examination of the properties acquired or intended to be acquired by the corporation. If these allegations shall be substantiated by due proof on final hearing, I fail to see why the complainant will not be entitled to the relief he seeks. It seems to me such relief would be in accord with the principles of well-considered precedents.

Another objection is that section 724 of the Revised Statutes [U. S. Comp. St. 1901, p. 583] deprives the complainant of any redress in equity. The provision of that section is that:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery."

The objection is groundless. It is only "parties" to an action at law that can be compelled to produce such evidence. The W. K. Niver Coal Company is a party defendant to this suit because the complainant charges that it is the real party in interest, but it is not a party to the record in the action at law, and, of course, cannot be compelled to produce in that action any books or other documents under the provisions of the 724th section.

There is one feature of the case, however, that renders it improper to issue an injunction before the bill of complaint shall have been amended, notwithstanding the defect in the bill now to be referred to has not been objected to by the defendants. In the affidavit of David T. Price, filed by the defendants, it is said that John B. McDonald purchased the note in question from the W. K. Niver Coal Company for the sum of $50,000 in cash, and that, after Manning had refused to pay the note, he transferred it to Berdan. Berdan, as already stated, swears that the note was transferred to him by McDonald. Manning, in his reply affidavit, swears, on information and belief, that the note was discounted on or about its date by the Mercantile National Bank of the City of New York for the benefit of the W. K. Niver Coal Company. If the allegations of the bill of complaint concerning McDonald's relations to the W. K. Niver Coal Company are true, McDonald can have no better right to recover on the note than the W. K. Niver Coal Company itself. In view of the affidavits of Price and Berdan, the bill should be amended by making McDonald a party thereto. This the complainant has already offered to do.

Upon a suitable amendment to the bill of complaint, an injunction will be allowed restraining the prosecution of the action at law until the further order of the court.