## UNITED STATES ex rel. CURTISS v. HAVILAND.

### HAVILAND v. CURTISS.

(Circuit Court of Appeals. Second Circuit. January 25, 1924.)

Nos. 165, 166.

1. **Removal of causes ⚙⟶4—Inquisition of lunacy held not removable; "suit of a civil nature."**

   An inquisition of lunacy under Gen. St. Conn. 1918, § 1691, which as therein provided is conducted by a commission, appointed on petition by a judge of the superior court, is not a "suit of a civil nature" pending in a state court which is removable under Judicial. Code, § 28 (Comp. St. § 1010).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit of Civil Nature.]

2. **Removal of causes ⚙⟶71—Inquisition of lunacy does not involve value necessary to removal.**

   An inquisition of lunacy does not involve a sum or value of $3,000, necessary to render the proceeding removable on the ground of diversity of citizenship.

3. **Removal of causes ⚙⟶92—Basis of proceedings on removal is record from state court.**

   The basis of proceedings in all removal cases is the record from the state court, which, if refused by the clerk of such court, must be procured in accordance with the provisions of Judicial Code, § 39 (Comp. St. § 1021); otherwise there is nothing on which the court can proceed.

4. **Habeas corpus ⚙⟶113(6)—Time for appeal runs from actual discharge of petitioner.**

   An order made in a habeas corpus proceeding which merely formally affirms an order made a year before under which the petitioner was actually discharged can have no effect in extending the six months within which an appeal may be taken under Rev. St. § 766, as amended (Comp. St. § 1292).

Appeals from the District Court of the United States for the District of Connecticut.

Habeas corpus by the United States, on the relation of Edward W. Curtiss, against C. Floyd Haviland. From the order of discharge, defendant appeals. Appeal dismissed.

Proceeding by C. Floyd Haviland against Edward W. Curtiss. From the judgment, Haviland appeals. Reversed and remanded, with directions.

Appeals from the district of Connecticut; the first taken in a matter tried like a suit in equity, and the second in a proceeding under habeas corpus.

On October 30, 1919, Curtiss, having been found guilty of crime in the superior court of Connecticut, was sentenced for nine months to the Litchfield county jail. Before the expiration of his sentence, the Governor of the State appointed a commission of three to examine into the sanity of Curtiss. This commission found him insane; he was accordingly removed from the jail to the state hospital for insane at Middletown.

Before the expiration of Curtiss' sentence, Haviland, the hospital superintendent, certified to the Governor that the prisoner was still insane, whereupon the Governor issued his order for the further detention of Curtiss in the hospital until such time as he could recover sanity or until further order according to law.

Curtiss being thus detained after the expiration of his sentence for crime, procured the above habeas corpus on December 12, 1921, in which he averred that his detention in the care of Dr. Haviland after the expiration of his sentence was in violation of the Fourteenth Amendment of the Constitution of the United States.

On or about December 30, 1921, a hearing was had under this writ by the District Judge, who, however, did not finally decide the matter. Meantime, and on or about December 16, 1921, Dr. Haviland, pursuant to Gen. Stat. Conn. § 1691, preferred his petition to a judge of the superior court of Connecticut, praying for the appointment of a committee to inquire whether Curtiss was an insane person unfit to go at large.

Of the appointment and meeting of such committee Curtiss had due notice, and on March 11, 1922, the committee found Curtiss insane. Meanwhile, and on or about January 24, 1922, Curtiss' attorney endeavored to remove to the District Court of the United States for the District of Connecticut the proceeding brought by Dr. Haviland before a judge of the superior court to have Curtiss' sanity inquired into.

To this end Curtiss made what he called a motion to remove, addressed to "Hon. Isaac Wolfe, a Judge of the Superior Court." This motion Curtiss signed and verified. In it he avers that Haviland v. Curtiss is a "suit of a civil nature" in which the matter in dispute exceeds $3,000, and constitutes a "controversy between citizens of different states," in that Haviland was a citizen of Connecticut and Curtiss of Massachusetts.

Curtiss' attorney had this verified motion executed in duplicate at least, and sent one to Judge Wolfe and one to the clerk of the superior court. He then made an affidavit to the effect that he had endeavored to get from the said clerk a certified copy of the record and proceedings of Haviland v. Curtiss, but, as the attorney said in an affidavit subsequently filed in the District Court, the clerk "neglected and refused" to deliver (the same), stating that he had never seen the suit in question.

Thereupon the attorney for Curtiss filed in the District Court the affidavit above referred to, which concludes with the statement that since he had taken "every step legally possible and open to me" to procure a certified copy of the record in Haviland v. Curtiss, and been unable to procure the same, "I request Hon. Edwin S. Thomas to direct that this record hereto attached be supplied and used in the United States District Court for the District of Connecticut." The record hereto attached consisted of Curtiss' petition to remove Dr. Haviland's petition to Judge Wolfe, that judge's appointment of a committee, and an order directing the sheriff to produce the body of Curtiss before the committee.

Thereupon the following indorsement was made on Curtiss' "motion to remove":

"Removed from Superior Court."

"Middlesex County, Conn. Petition."

"On removal." "Ordered accordingly."

"Thomas, D. J. 24 Feby., 1922."

Thus by the date last given there were thought to be pending and undetermined in the District Court these two proceedings, i. e., the habeas corpus directed to Dr. Haviland, and a supposed removed suit from the superior court entitled "Haviland v. Curtiss."

It will be seen that the committee appointed by Judge Wolfe functioned and found Curtiss insane after the order above quoted had been entered in the

United States District Court. In June, 1922, both the habeas corpus and this so-called removed suit were brought on for trial and tried together. After hearing, Curtiss being physically before the court, the trial judge found as a fact that Curtiss was not in his opinion insane, whereupon he entered the following direction or order by indorsement upon the original filed writ of habeas corpus, "Writ sustained. Relator discharged. See Opinion June 1, 1922," and signed it. Thereupon Curtiss left the courtroom free of all custody, and has so remained.

No more formal order than the above was ever entered in this habeas corpus matter, but on May 29, 1923, the trial judge signed what is called in the record a judgment, which on its face recites that the above decision was made at a stated term of the court held "on the 29th day of May, 1922."

In Haviland v. Curtiss a formal judgment or decree was entered reciting that Curtiss "is not insane and ought not to be confined in the hospital for the insane," so that it was ordered "that the said Edward W. Curtiss be immediately released and be permitted to go at large."

Exactly when this order or decree was entered or filed is not very clear; it certainly was not at the time when Curtiss in point of fact went free, but it was admitted at bar that this formal order was entered within six months of appeal taken.

Appeals in both proceedings were noticed June 13, 1923.

Walter Holcomb, of Torrington, Conn., and Allan K. Smith, of Hartford, Conn., for Haviland.

Thomas J. Wall, of Torrington, Conn., for Curtiss.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The matters at bar were heard by a judge not usually serving in Connecticut, and therefore unaware of the complicated and peculiar proceedings antedating final hearing. He was certainly not aided by counsel, who did not direct the court's attention to methods of practice or procedure, which are quite beyond any precedents known to us.

The proceeding called Haviland v. Curtiss must be regarded as a suit in equity removed to the United States District Court from the superior court of Connecticut—if it is assignable to any category known to the law. Unless its existence can be so justified it is nothing, and worse than nothing; because it displays an attempt to usurp jurisdiction.

Curtiss' "motion to remove" avers that he is dealing with a "suit of a civil nature"; he nowhere alleges the same to be brought or pending in the superior court or any court, but declares it to be pending before "Hon. Isaac Wolfe, a judge of the superior court, and a committee," while the stated ground of removal is diversity of citizenship.

In other words, he sought to remove a proceeding necessarily of the kind described in Judicial Code, § 28 (Comp. St. § 1010); and if he could not in the usual manner procure the record his remedies are prescribed in section 39 (section 1021).

It would be quite useless to dwell at length on the divergence between what was done, and the requirements of the law; we shall merely note:

[1] 1. The proceeding authorized by Conn. Gen. Stat. § 1691, is of the nature of a commission de lunatico inquirendo. No court proceedings are contemplated; the power of appointing the commissioners is lodged in a judge, not a court. The common method of starting a

condemnation proceeding for land is the analogy; and until such proceedings get into court they are not removable, because there is no suit of a civil nature. Kaw, etc., District v. Metropolitan Co., 186 Fed. 315, 322, 108 C. C. A. 393; Commissioners v. St. Louis Southwestern, 257 U. S. 547, 42 Sup. Ct. 250, 66 L. Ed. 364.

[2] 2. The matter in controversy cannot be said to exceed the sum or value of $3,000. No other instance of attempted removal of an inquisition of lunacy is found, but divorce affords the analogy. Bowman v. Bowman (C. C.) 30 Fed. 849.

[3] 3. The basis of proceedings in all removal cases is the record from the state court; in this instance the record was not obtainable for the simple reason that it did not exist in the superior court, as the clerk told Curtiss' attorney; but even, if it had so existed, the method of getting what is here called a record was in flat violation of Judicial Code, § 39. The order indorsed on Curtiss' "motion" February 24, 1922, was a mere nullity.

4. It was conclusively shown on the hearing that Curtiss was not a citizen of Massachusetts, but of Connecticut.

The foregoing seem sufficient reasons for action, without dwelling on the much discussed phrase of Judicial Code, § 28, to the effect that the only causes removable are those of which the District Courts are given "jurisdiction by this title." It suffices that there was nothing in the superior court to remove, and, if there had been, no legal steps for removal were taken. Judgment or decree in Haviland v. Curtiss reversed without costs, and cause remanded to the court below with direction to strike same from its docket.

[4] In respect of the habeas corpus, it is well to remember that, however time-honored and important that writ is, it is statutory not only as to procedure, but as to applicability. Compliance with Rev. St. § 751 et seq. (Comp. St. § 1279 et seq.), is imperative.

Curtiss had good right to apply for the writ from the District Court on the allegation that he was deprived of liberty in violation of the Fourteenth Amendment. So far as the courts of the United States were concerned, and so far as this record shows—there his right stopped.

Whether he made any showing of unconstitutional confinement is a matter upon which we are unable to express opinion, because this appeal is too late, and therefore unlawful.

Haviland as respondent was entitled to appeal from the "final judgment of discharge," but (Rev. St. 766 [Comp. St. § 1292]) no such "appeal shall be had or allowed after six months from the date of the judgment or order complained of."

This appeal is formally taken from a formal order actually signed by the trial judge a year after he had indorsed an order of discharge on the writ, and Curtiss had actually gone free of custody.

But that order signed May 29, 1923, is (1) a mere repetition, so far as its mandate is concerned, of the order made and obeyed a year before, and (2) so far as the assigned reason for action is concerned (viz. that Curtiss is not insane), is something which the District Court on habeas corpus had no right to declare.

But illegality is not to be presumed, nor inferred; therefore we regard the order of 1923 as merely an unnecessary piece of formality—a

resettling in a more ample way of an order made a year earlier. That time for appeal is not extended by such a proceeding is elementary.

This appeal is an endeavor to review the court's action finally taken June 1, 1922, and as such too late.

Appeal dismissed, without costs.