## ZEGURA v. UNITED STATES.
### No. 9051.

Circuit Court of Appeals, Fifth Circuit.
May 25, 1939.

Baldwin J. Allen, of New Orleans, La., for appellant.

Leon D. Hubert, Jr., Asst. U. S. Atty., of New Orleans, La.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The proceeding out of which this appeal comes was one to reopen and readjudicate for error apparent on the record a cause in which appellant's naturalization certificate had been cancelled and he had been enjoined from claiming United States citizenship and the rights thereof.

As originally filed, the claim was in substance that the United States Attorney, though the real facts appeared in exhibits attached to his complaint, had erroneously stated the facts in his bill and that the curator ad hoc appointed by the Court to represent the appellant had not sufficiently apprized him of the material facts alleged against him and of their legal significance. By amendment, there was an added claim that new evidence had been discovered in a statement made in 1927 by the Vice Consul of the United States at Jugoslavia and now on file in the Department of Labor. On motion to dismiss the petition for lack of jurisdiction ratione materiae, for laches, and for want of merit in it, the petition was dismissed for lack of jurisdiction ratione materiae.

Here; appellant urges upon us that the District Judge, misapprehending the nature and effect of his petition, taking it to be a new and independent suit and not a continuation of the original suit, had erroneously held that because of the non-suability of the United States, the Court was without jurisdiction to entertain the bill, and that the order of dismissal should be reversed.

The United States insists that appellant's petition, though related to the original suit, was a new and independent suit, requiring process, and, therefore, the United States could not be made to answer in it. It urges too that if mistaken in this and the petition was maintainable as a continuation of the original suit, it failed for laches and for want of merit.

In support of his view, appellant cites Bush v. United States, C.C., 13 F. 625, holding that a bill of review can be maintained against the United States. In support of its view, the United States cites Gherwal v. United States, 9 Cir., 46 F.2d 998, holding the contrary.

 We think the United States has the right of it. A bill of review, though an original bill in chancery, is ancillary to the suit, the judgment in which it seeks to review, and upon the question of jurisdiction of the Circuit Court, without regard to the citizenship of the present parties, it is a continuation of the former suit. Pacific Railroad v. Missouri Pacific Ry. Co., 111 U.S. 505, 522, 4 S.Ct. 583, 28 L.Ed. 498. It still however is not a part of the cause in which the decree was rendered, but a new suit, having for its object the correction of the decree in the former suit and requiring service of process as in any other original suit.

Pacific Railroad v. Missouri Pacific Ry. Co., supra; 19 American Jurisprudence, Sec. 423, Page 291; Standard Encyclopedia, Vol. 4, p. 452, Sec. VII; Gherwal v. United States, supra. Hardwick v. American Can Company, 115 Tenn. 393, 89 S.W. 735, 1 L.R.A.,N.S., 1029. In the latter case, it is stated:

"The decree being final, the bill of review is not regarded as a part of the cause in which the decree was rendered, but as a new suit, having for its object the correction of the decree in the former suit. But where a decree is only interlocutory, but liable to the same objection, the party injured must seek his redress, not by a bill of review, as such, but by petition or supplemental bill in the nature of a bill of review. Such petition or supplemental bill is regarded as a part of the very cause, the decree in which is sought to be corrected, and any order or decree of the Court on the petition or bill is only interlocutory."

The bill appellant brought many years after the decree was final was a bill of review. It was not a bill in the nature of a bill of review. The suit was, therefore, as regards the United States, a new suit in which it could not be sued without its consent, and the District Judge was right in dismissing the petition for want of jurisdiction. But if jurisdiction had been taken, appellant would have stood in no better case, for his bill was not maintainable as a bill of review because of his great laches. The decree was entered in 1927; the bill of review was filed in 1936. It was not maintainable too because the bill was a "pure bill of review" brought for error apparent on the face of the record,[1] and nothing in the petition points to any error of law so apparent. The effort in the so-called supplemental and amended bill to add to it, as a bill of review for error of law apparent of record, allegations which would make it a bill to review for newly discovered matter, was unavailing. For the affidavit, referred to in the supplemental and amended bill, presented nothing at all contrary to the original decree or at all supporting its reversal and correction.[2]

The order was right and is affirmed.

[1] 19 Am.Jur. Sec. 428–29–30, pp. 294–7; Standard Encyclopedia of Procedure, Vol. 4, pp. 435–36–37; Putnam v. Day, 22 Wall. 60, 22 L.Ed. 764.

[2] Idem., p. 440–41–42, 19 Am.Jur., Secs. 423–4; Secs. 433–4–5–6, pp. 291–2, 298–300.