## BLOCK v. BLOCK.

### No. 10536.

United States Court of Appeals
Seventh Circuit.

May 20, 1952.

Finnegan, Circuit Judge, dissented.

Benjamin B. Davis, Philip R. Toomin, Chicago, Ill., for appellant.

Herbert A. Friedlich, Louis A. Kohn, Chicago, Ill., Mayer, Meyer, Austrian & Platt, Chicago, Ill., Paxton & Seasongood, Cincinnati, Ohio, of counsel, for appellee.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from the dismissal by the District Court, on motion of defendant, of a complaint in the nature of a bill of review, after removal on grounds of diversity of citizenship from the state court in which it was filed, and denial of plaintiff's motion to remand for lack of jurisdiction over the subject matter of her complaint. Defendant was a citizen and resident of Ohio at the time of the decree sought to be reviewed as well as of the date of the filing of this suit.

We state the facts in effect as set forth in the bill of complaint and exhibits attached thereto. The parties were married in Chicago in 1941 and lived there until July 1945, with the exception of a period when defendant was in military service. They had no children. Plaintiff filed suit for divorce in February 1946 on grounds of cruelty. Decree was entered in March 1946, dissolving the marriage and expressly barring all claims for alimony or dower except as provided for in a separate agreement which the court approved and incorporated by reference in the decree. According to the terms of this agreement defendant paid over the sum of $110,000 in cash which plaintiff accepted in full settlement of any property or support claims to which she might otherwise have been entitled. It is this portion of the divorce decree approving the property settlement which plaintiff seeks by her present complaint to set aside for fraud.

As grounds for the charge of fraud plaintiff alleges that during the period of their marriage defendant owned 1,500 shares of stock in a distillery corporation controlled by his father, and that shortly before the decree of divorce these shares had been sold in a transaction involving substantially all the shares in the corporation, resulting in the receipt by defendant of $1,600,000; that he and his father devised a plan calculated to relieve him and his property of plaintiff's claims for support and alimony; that in accordance with this plan defendant, in October 1945, shortly after his discharge from military service, executed a trust agreement and delivered to the First National Bank of Cincinnati, Ohio, as trustee, the entire proceeds of the sale of the stock, to administer in accordance with the terms of the trust agreement under which he was the sole beneficiary during his lifetime, and after his death, the assets were to go to a family charitable foundation; that shortly thereafter, defendant's attorney instituted negotiations for a property settlement, representing to plaintiff's attorneys that the trust had been created for the sole purpose of assuring defendant an income from his estate without the care and risk of custody and investment of the principal thereof, and that the trust yielded an income of less than $15,000 a year, hence his obligation for support must be measured by that income; that at the time of these negotiations, by reason of her mental and physical condition, plaintiff was required to expend large sums for treatments by doctors and psychiatrists amounting to at least $550 a month which, with her necessary living expenses, amounted to more than a fair proportion of defendant's income from the trust, and that as a result of these considerations, and not knowing that the trust agreement had not been executed in good faith, plaintiff agreed to accept defendant's offer of $110,000 in full settlement of all her claims.

The complaint further alleged that in 1950, a few years after the divorce decree and property settlement, defendant brought suit to cancel the trust agreement and obtain the return of all assets delivered to the trustee, alleging undue influence in the execution, and in May 1950, the Ohio court entered its final decree finding that the agreement had been entered into without consideration, setting it aside, and directing the reconveyance by the trustee of all the assets of the trust estate to

defendant. There was no appeal from this decree. Plaintiff alleges, on the basis of these facts, that the scheme of the conveyance of all defendant's assets to the charitable trust was in order to create a fictitious straitened financial condition for defendant to enable him to obtain an unconscionable advantage in dealing with plaintiff in regard to his obligation of maintenance and support, and that the same parties collaborated in bringing the Ohio suit to avoid the conveyance to the trust after the purpose had been accomplished.

Plaintiff filed her complaint in the nature of a bill of review as a new suit in the Superior Court of Cook County, the court which had rendered the divorce decree and approved the property settlement. Service was had on defendant by publication and mailing a copy of the notice and bill of complaint to his Ohio address. He filed special appearance and petition for removal with bond in the United States District Court, together with his motion to set aside service of process and to dismiss the suit for want of jurisdiction. Plaintiff moved to remand to the Superior Court for want of jurisdiction of the subject matter.

Appellant contends that her complaint was filed to review a divorce proceeding and was for that reason not within the jurisdiction of the United States courts, hence not removable; that it was merely supplementary to and in extension of the prior proceeding, hence reviewable only by the court which had jurisdiction thereof; that, because this was a doubtful case for the exercise of federal jurisdiction, the court should have declined to accept it; that the judgment sought to be reviewed was property of the defendant within the jurisdiction of the court, hence it was error to quash service; and that even if there were no property of defendant within the state, jurisdiction attached over the judgment res because of the court's inherent power over its pronouncement.

■ We think the circumstances of this case do not require this court to decide the first proposition. We have some doubts as to whether a bill in the nature of a bill to review the property settlement portions of a divorce decree are so different from any other settlement agreement reduced to judgment as to permit attack only in the court in which the judgment was rendered, precluding any possibility of federal jurisdiction over such attack, when the basis for the attack is fraud. See 3 Barron and Holtzoff, Federal Practice and Procedure § 1331; 19 Am.Jur.Equity § 427; People v. Sterling, 357 Ill. 354, 192 N.E. 229. But whether the federal court has jurisdiction over the subject matter or not, there can be no doubt that the suit challenging the decree was a new proceeding. 19 Am.Jur.Equity § 423; Zegura v. United States, 5 Cir., 104 F.2d 34, 35. The Constitution of the United States and the Acts of Congress have conferred upon the federal district courts the jurisdiction to hear and determine controversies between citizens of different states in which the matter in dispute exceeds $3,000. The complaint in our case presents such a controversy. Plaintiff recognized this fact by filing her complaint as a new cause of action, docketed under a new cause number, to review the decree in the previous cause. Since it was a new cause of action, as in any other original action, it required service of process to enforce appearance. Pacific Railroad v. Missouri Pacific Railway Co., C.C., 3 F. 772; Pacific Railroad of Missouri v. Missouri Pacific Railway Co., 111 U.S. 505, 522, 4 S.Ct. 583, 28 L.Ed. 498; Taylor v. Easton, 8 Cir., 180 F. 363, 368; and Zegura v. United States, 5 Cir., 104 F.2d 34, certiorari denied, 308 U.S. 586, 60 S.Ct. 109, 84 L.Ed. 490.

■ Defendant followed the statutory mode for removal by filing his verified petition therefor, with copy of the alleged process and the complaint attached thereto, and the requisite bond, all as provided by 28 U.S.C.A. § 1446. It then became necessary for the District Court to examine his motion to dismiss for want of jurisdiction over his person, and plaintiff's motion to remand for want of jurisdiction over the subject matter of the suit. When it developed upon this examination that this was an original proceeding and that there had been no personal service of

process on defendant, a nonresident of Illinois over whom service was attempted by publication and mailing of notice with copy of the complaint attached, and that he had filed special appearance to object to the jurisdiction, it was clear that the state court had obtained no jurisdiction over him, hence that the District Court could obtain none upon removal. His application for removal did not constitute a waiver of service. General Investment Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 268, 43 S.Ct. 106, 67 L.Ed. 244.

As has been frequently stated, the jurisdiction of the federal court on removal is a derivative jurisdiction, and if the state court lacks jurisdiction either of the subject matter or of the parties, the federal court acquires none upon removal. Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509. That being the case, the District Court had no alternative but to dismiss the cause. Henderson v. Shell Oil Co., 8 Cir., 173 F. 2d 840, 842. We think that the fact that in this particular case the state court undoubtedly did have jurisdiction over the subject matter which the federal court may have lacked does not alter the result. We therefore deem it unnecessary to refer to or discuss the cases relied upon by plaintiff as to this aspect of her case.

Plaintiff contends that the foregoing principles are inapplicable here for the reason that service by publication upon a nonresident is authorized by § 14 of the Illinois Civil Practice Act, Chap. 110, Ill.R.S.1951, § 138, permitting publication "in any civil action affecting property or status within the jurisdiction of the court * * *." Her argument is that the decree which completely discharged all of defendant's marital obligations constitutes a vested property right in him, a right of action to enforce plaintiff's waiver of marital rights which is itself a property right within the jurisdiction of the state court. Or, in the alternative, she contends that even if there was no property of defendant within the state, jurisdiction attached over the judgment res because of the court's inherent power over its pronouncements. We find no merit in either contention. The simple fact is that plaintiff cannot attack a decree, final and wholly executed long since, without personal service upon the other party to the decree, in the absence of consent of that party to some substituted service.

Judgment affirmed.

FINNEGAN, C. J. dissenting. In my opinion the District Court of the United States has no jurisdiction to review, modify, or vacate in whole or in part, decrees entered by a state court for alimony in divorce or separate maintenance proceedings. The District Court has no authority to grant alimony or to review the grant thereof by a state court. Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Bowman v. Bowman, C.C., 30 F. 849.

This cause should have been remanded to the Superior Court of Cook County where it originated, and where the allowance of alimony was made. People v. Sterling, 357 Ill. 354, 192 N.E. 229.