624 F.2d 3
 Judith CLARK et al., Plaintiffs-Appellants-Cross-Appellees,
v.
UNITED STATES of America et al., Defendants,
New York Telephone Company, Federal Bureau of Investigation,
Department of Justice and United States Postal
Service, Defendants-Appellees,
Richard M. Nixon, Defendant-Cross-Appellant.
 Nos. 1085, 1242, Dockets 80-6016, 80-6024.
 United States Court of Appeals,
Second Circuit.
 Argued May 28, 1980.
Decided June 24, 1980.
 
 Susan V. Tipograph, New York City, and Susan Y. Kunstler, New York City, for plaintiffs-appellants-cross-appellees.
 William J. Hibsher, Asst. U. S. Atty., New York City (William M. Tendy, U. S. Atty., S. D. New York, Michael H. Dolinger, Asst. U. S. Atty., New York City, of counsel), for defendants-appellees Federal Bureau of Investigation, Dept. of Justice, U. S. Postal Service and defendant-cross-appellant Nixon.
 Lewis P. Trippett, New York City (George E. Ashley, Frank R. Natoli, New York City, of counsel), for defendant-appellee New York Tel. Co.
 Before FEINBERG, NEWMAN and KEARSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs in this action allege that their constitutional and statutory rights were violated by an unlawful program of surveillance conducted by various individual and institutional defendants. Plaintiffs appeal from an order entered in the United States District Court for the Southern District of New York by Judge Morris E. Lasker, dismissing their action against three government agencies, the Department of Justice, the Federal Bureau of Investigation, and the Postal Service, and against the New York Telephone Company. See 481 F.Supp. 1086 (S.D.N.Y.1979). Because other defendants remain in the case, in order to appeal at this time plaintiffs were required pursuant to Federal Rule of Civil Procedure 54(b) to obtain from the district court "an express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." Plaintiffs have not obtained such a certification, but nonetheless urge us to address the merits of their appeal on the ground that the policy considerations underlying Rule 54(b) have been satisfied. However, the requirements of Rule 54(b) are jurisdictional rather than discretionary, see State of New York v. Nuclear Regulatory Commission, 550 F.2d 745, 761-62 (2d Cir. 1977); cf. Acha v. Beame, 570 F.2d 57, 62-63 (2d Cir. 1978), and, in any event, we are not convinced on the facts before us that the district court would necessarily have granted a motion by plaintiffs for certification under Rule 54(b). Accordingly, we dismiss plaintiffs' appeal without prejudice to the merits of the appeal.
 
 
 2
 Former President Richard M. Nixon, a defendant in this case, cross-appeals from that portion of Judge Lasker's order that denied his motion to dismiss plaintiffs' complaint on the ground that he was protected from suit by absolute Presidential immunity. After Nixon filed his notice of appeal, plaintiffs moved in this court to dismiss the appeal; a panel of this court denied the motion without opinion and permitted briefing of Nixon's appeal on the merits. Subsequently, the Supreme Court granted a petition for certiorari in Kissinger v. Halperin, --- U.S. ----, 100 S.Ct. 2915, 65 L.Ed.2d ---- (1980), which apparently raises the same issues presented in this appeal. In light of the grant of certiorari, Nixon has now moved for a stay of his appeal. Recognizing that the Supreme Court's disposition of Kissinger v. Halperin may dispose of the issues in the present case, we grant Nixon's motion for a stay pending a decision by the Supreme Court.
 
 
 3
 Accordingly, plaintiffs' appeal is dismissed and Nixon's cross-appeal is stayed. The granting of this stay is not intended to imply any views with respect to whether and to what extent Nixon is amenable to third-party discovery in the remainder of the litigation unaffected by this stay.
 
 
 4
 We also deny plaintiffs' renewed motion to dismiss Nixon's cross-appeal.