Gladys ALLEN and J. Patrick Craddock, Plaintiffs-Appellants,

v.

Robert FERGUSON, Defendant-Appellee.

No. 84–3119.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1985.

Decided May 29, 1986.

Thomas S. Moore, McCarthy Duffy Neidhart & Snakard, Chicago, Ill., for plaintiffs-appellants.

Matthew J. Iverson, Abramson & Fox, Chicago, Ill., for defendant-appellee.

Before ESCHBACH and POSNER, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

* The Honorable William H. Timbers, Senior Circuit Judge for the Second Circuit, sitting by designation.

1.  28 U.S.C. § 1332(a) provides in relevant part: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,-000 ... and is between ... citizens of different States.

ESCHBACH, Circuit Judge.

The primary questions presented in this appeal are (1) whether this court has jurisdiction to review a district court's order dismissing one, but not all, of the defendants prior to remanding the action to state court pursuant to 28 U.S.C. § 1447(c) and (2) whether the district court erred in dismissing that defendant. For the reasons stated below, we will deny the appellee's motion to dismiss the appeal and will reverse the district court's order.

I

Plaintiffs Gladys Allen and J. Patrick Craddock, minority shareholders of Herbco Corporation ("Herbco"), initiated this action in the Circuit Court of Cook County, Illinois, against Robert Ferguson and Herbert Stride, both officers and principal shareholders of Herbco, to recover proceeds resulting from the sale of the corporation to a third party. At the time of the commencement of this action, Allen, Craddock, and Stride were citizens of Illinois; Ferguson was a citizen of Florida. Ferguson filed a petition for removal to the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. §§ 1332(a) and 1441(a).[1] In support of his petition, Ferguson asserted that, when the parties were properly aligned according to their respective interests, he was the only defendant and that diversity would, therefore, be complete.

Once the action was removed to federal court, all of the parties presented jurisdictional challenges. The plaintiffs and defendant Stride contended that the case should be remanded to state court on the ground that diversity was incomplete and, thus, that the district court lacked subject-

28 U.S.C. § 1441(a) provides in relevant part: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

matter jurisdiction. Ferguson maintained that the service of process on him in Illinois was defective, and that he did not have the requisite minimum contacts with that state, so that the action against him should be dismissed for want of personal jurisdiction.

The district court declined to rule on the question of subject-matter jurisdiction, and instead granted Ferguson's motion to dismiss for lack of personal jurisdiction. The court found that the plaintiffs had misrepresented their intentions to settle with Ferguson and that they had thus induced him "by fraud or trickery" from Florida into Illinois in order to serve process upon him. Relying on *E/M Lubricants, Inc. v. Microfral, S.A.R.L.*, 91 F.R.D. 235 (N.D.Ill.1981), and *Sunshine Kitchens, Inc. v. Alanthus Corp.*, 65 F.R.D. 4 (S.D.Fla.1974), the district court concluded that the service should be quashed. In a footnote to its order, the court also stated that the plaintiffs could not obtain jurisdiction over Ferguson under the Illinois long-arm provision, Ill.Rev.Stat., ch. 110, ¶ 2–209(a)(1).

After dismissing Ferguson, the only party not a citizen of Illinois, the district court concluded that it lacked subject-matter jurisdiction over the dispute between the remaining parties—the plaintiffs and defendant Stride—because they were all citizens of Illinois and ordered the remainder of the case remanded to state court.[2] The plaintiffs now appeal. Ferguson has filed a motion to dismiss the appeal for lack of jurisdiction.

## II

### A. Appellate Jurisdiction

We shall first consider Ferguson's motion to dismiss this appeal. It is his contention that, because it resulted in the dismissal of only one of the two defendants, the order of the district court is interlocutory and, therefore, unreviewable, unless certified pursuant to 28 U.S.C. § 1292 or Fed.R.Civ.P. 54(b). Because the court below made no findings under either § 1292 or Rule 54, Ferguson argues that this court is without jurisdiction. We disagree.

[redacted] The appellee misapprehends the nature of the district court's decision. It is true that, under 28 U.S.C. § 1447(d), the district court's order remanding the action to state court is unreviewable.[3] *See, e.g., Self v. Self*, 614 F.2d 1026 (5th Cir.1980). However, its order dismissing Ferguson, which resulted in a remand to state court, is a final judgment under 28 U.S.C. § 1291, and thus is reviewable even though the subsequent remand order is not. *See City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 55 S.Ct. 6 (1934); *Gallea v. United States*, 779 F.2d 1403, 1404 (9th Cir.1986); *Loftin v. Rush*, 767 F.2d 800, 802–03 (11th Cir.1985); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276–79 (9th Cir.1984); *In re Romulus Community Schools*, 729 F.2d 431, 440–41 (6th Cir.1984); *Kozera v. Spirito*, 723 F.2d 1003, 1005 n. 1 (1st Cir. 1983); *Katsaris v. United States*, 684 F.2d 758, 761 (11th Cir.1982); *Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1387

2. The district court's judgment order read, "It is ordered and adjudged that all relief against defendant Ferguson having been denied, Therefore [sic], judgment is entered in favor of defendant [Ferguson] and against the plaintiffs, [Allen and Craddock]." However, all the parties agree that the wording of the order was overbroad and that there was no decision on the merits of the underlying dispute. We have come to the same conclusion and will construe the district court's order accordingly.

3. Section 1447(d) provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. § 1443] shall be reviewable by appeal or otherwise.

In addition to the express exception for actions removed pursuant to § 1443, the Supreme Court has interpreted § 1447(d) to preclude appellate review only when the district court remands pursuant to 28 U.S.C. § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 349–52, 96 S.Ct. 584, 592–93 (1976). The *Thermtron* exception does not apply in this case, because the district court ultimately remanded for lack of subject-matter jurisdiction, which is an appropriate ground under § 1447(c).

(11th Cir.1982); *Briggs v. American Air Filter Co.*, 630 F.2d 414, 416 n. 1 (5th Cir.1980); *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir.1975); *see also* 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.169[2.–2] (2d ed. 1985); 15 C.Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3914 at 549 & n. 40 (1976).

In *Waco*, a third-party defendant removed a state action to federal district court. The federal court subsequently entered an order in which it held that removal was appropriate, but that the third-party defendant was an unnecessary and improper party and should, therefore, be dismissed. Because the dismissal left the district court without diversity jurisdiction over the remaining parties, it remanded the action to the state court. In holding that the district court's dismissal of the third-party defendant was reviewable, the Supreme Court stated:

> If the District Court's order stands the cross-action will be no part of the case which is remanded to the state court. Indeed, if the District Court is right, the cause could not have been remanded except for the exclusion of [the third-party defendant] as a party. True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.

> We are of the opinion that the petitioner was entitled to have the Circuit Court of Appeals determine whether the dismissal of its cross-action against the [third-party defendant] was proper. If the District Court erred on this point, which we do not decide, its action should be reversed. A reversal cannot affect the order of remand, but it will at least, if the dismissal of the petitioner's complaint was erroneous, remit the entire controversy, with the [third-party defendant] still a party, to the state court for such further proceedings as may be in accordance with law.

293 U.S. at 143–44, 55 S.Ct. at 7.

Following the reasoning of *Waco* and its progeny, we hold that we have jurisdiction to consider the propriety of the district court's order dismissing Ferguson.[4]

### B. Review of District Court's Order

■ This case is representative of a recurring theme in federal litigation. First, the defendant petitions for removal of a state-court action to a federal district court. In doing so, of course, he does not waive any objection he may have regarding in personam jurisdiction. Once the case is in federal court, the defendant moves for dismissal for lack of personal jurisdiction and the plaintiff moves for a remand for lack of subject-matter jurisdiction. The district court must then decide which motion to resolve first.[5]

---

**4.** We note that the Second Circuit concluded in *Encoder Communications, Inc. v. Telegen, Inc.*, 654 F.2d 198 (2d Cir.1981), that a district court's dismissal of less than all defendants prior to remand is not a final order; therefore, absent certification under § 1292 or Rule 54, no appeal would lie. However, to arrive at this conclusion, the court in *Encoder* relied on *Clark v. United States*, 624 F.2d 3 (2d Cir.1980) (per curiam), and *Arlinghaus v. Ritenour*, 543 F.2d 461 (2d Cir.1976) (per curiam), both of which were not removal cases. More important, the *Encoder* decision contains no discussion whatsoever of the *Waco* line of cases. The Second Circuit apparently overlooked the fact that, unless set aside within the federal system, orders of dismissal entered prior to remand are not affected by the remand and thus remain conclusive on the parties affected by the final adjudica-

tion. *See Waco*, 293 U.S. at 143, 55 S.Ct. at 7; *In re Metropolitan Trust Co.*, 218 U.S. 312, 31 S.Ct. 18 (1910); *Katsaris v. United States*, 684 F.2d 758, 761 (11th Cir.1982); *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975). Section 1292 and Rule 54 apply when the district court retains jurisdiction after dismissing part of an action. In this case, however, nothing remained in the district court to adjudicate. It is for these reasons that we find the *Encoder* decision unpersuasive and, therefore, decline to follow it.

**5.** *See, e.g., Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606, 609 (E.D.La.1980); *Limbach Co. v. Renaissance Center Partnership*, 457 F.Supp. 347, 349 (D.Pa.1978); *Arden-Mayfair, Inc. v. Louart Corp.*, 434 F.Supp. 580, 581 n. 1 (D.Del.1977).

The district judge observed in his order that, when confronted with both a motion to remand for lack of subject-matter jurisdiction and a motion to dismiss for lack of personal jurisdiction, he was "free to dispose of the case upon whichever of the two grounds—remand or dismissal—appear[ed] to be more convenient or appropriate" and cited as authority the appellate decisions of *Walker v. Savell*, 335 F.2d 536, 538–39 (5th Cir.1964), and *Block v. Block*, 196 F.2d 930 (7th Cir.1952).

■ This court's decision in *Block* does not expressly so hold. In that case, there had been no personal service of process on the defendant prior to removal, and the district court dismissed the complaint. On appeal, this court affirmed the district court's order of dismissal without deciding the questions relating to subject-matter jurisdiction. The scope of that ruling is in doubt, however, because there was no discussion in *Block* of 28 U.S.C. § 1448, which allows for service of process on the defendant after the action has been removed.[6] If the district court does not have subject-matter jurisdiction, then, of course, the action should be remanded. However, a defendant should be dismissed for lack of personal jurisdiction only if such jurisdiction cannot be obtained in either a state or federal forum. The dismissal at the federal level spares the defendant the effort of presenting the personal-jurisdiction claim again in state court. *Walker*, 335 F.2d at 539. If jurisdiction can be obtained over the defendant, then § 1448 permits service of process to be completed or new process to be issued in the same manner as in cases originally filed in federal district court. *See Beecher v. Wallace*, 381 F.2d 372 (9th Cir.1967); *Freight Terminals, Inc. v. Ryder Systems, Inc.*, 461 F.2d 1046 (5th Cir. 1972).

In *Walker*, 335 F.2d at 539, the Fifth Circuit, quoting *Garden Homes v. Mason*, 238 F.2d 651, 654 (1st Cir.1956), concluded that the district court may pass on the more "convenient" motion. In *Walker*, however, both the district and appellate courts found that the defendant could not be sued in either federal or state court. Thus, new service under § 1448 would not have perfected jurisdiction. Under its facts, then, *Walker* pertains only to those cases in which in personam jurisdiction cannot be obtained and dismissal, rather than remand, is appropriate.

■ We express, however, no opinion as to the correctness of the broader reading of *Walker* that a district court may decide the more convenient motion. Of course, in keeping with the notions of judicial restraint, federal courts should not reach out to resolve complex and controversial questions when a decision may be based on a narrower ground. *Cf. National Metalcrafters v. McNeil*, 784 F.2d 817, 822–23 (7th Cir.1986); *Moore v. United States House of Representatives*, 733 F.2d 946, 954 n. 39 (D.C.Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 779 (1985). It should be noted, however, that this court has held that, when a suit is removed on the basis of diversity of citizenship, the district court should verify the existence of subject-matter jurisdiction at the outset of the litigation if it appears that complete diversity is lacking. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776–77 (7th Cir.1986); *see also Stockman v. LaCroix*, 790 F.2d 584, 585–87 (7th Cir.1986); *Goldstick v. ICM Realty*, 788 F.2d 456, 458 (7th Cir.1986); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282–83 (7th Cir.1986); *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529–30 (7th Cir.1985); *cf.* Fed.R.Civ.P. 12(h)(3).[7]

6. 28 U.S.C. § 1448 provides:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

7. In addition, the district court in this case did not consider that a suit cannot be removed on the basis of diversity if the defendants are citi-

In any event, even assuming *arguendo* that the *Walker* rule is correct, we find that the district court erred in deciding Ferguson's motion to dismiss for want of personal jurisdiction before determining whether there was complete diversity. We note first that the district court stated in its order that the subject-matter jurisdiction question was as easy to resolve as the in personam jurisdiction question. Thus, according to the trial court's own assessment, neither motion was more "convenient" in terms of difficulty. Second, federalism concerns tip the scales in favor of initially ruling on the motion to remand. In passing on Ferguson's motion, the district court was required to delve into difficult questions of Illinois law concerning the fraudulent-enticement doctrine and the scope of that state's long-arm statute.[8] It should not have considered these issues when it was presented with a federal question of at least equal, if not less, difficulty relating to complete diversity among the parties.

Because the action has been sent back to state court, we can only reverse the district court's decision on Ferguson's motion to dismiss. As indicated above, the remand must remain undisturbed. We express no opinion on the merits of the motions filed below for either remand or dismissal. Because the dismissal is now a nullity, Ferguson remains a defendant in the action remanded to the Illinois state court. *See Waco*, 293 U.S. at 143–44, 55 S.Ct. at 7.

### III

For the reasons stated above, we DENY Ferguson's motion to dismiss this appeal and REVERSE that portion of the judgment of the district court dismissing defendant Ferguson for lack of personal jurisdiction.

zens of the state in which the suit was brought. *See* 28 U.S.C. § 1441(a), (b); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776–77 (7th Cir.1986). When this action was removed, Stride, a citizen of Illinios, was listed as a defendant. This would be another reason for the district court to consider first the realignment of the parties.

8. In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made, and the question of amenability to suit in diversity actions continues to be governed by state law even after removal. *See* 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1082 at 329–31 (1969).