11-1576-pr
Germano v. Dzurenda

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand twelve.

**PRESENT:**
> **RALPH K. WINTER,**
> **PETER W. HALL,**
> > *Circuit Judges,*
> **ALVIN K. HELLERSTEIN,**[*]
> > *District Judge.*

---

**Paul Robert Germano,**

> *Plaintiff-Appellant*,

> v.                                                          **11-1576-pr**

**James Dzurenda, Warden I/O, Kathy Cassidy, Registered Nurse, I/O, Oliveira, MD, I/O, Kristine Matthews, MD, I/O, Palmieri, Counselor, I/O, Bill Kompare, CSW, I/O, Patricia Ottollini, Dir, I/O, Mark Strange, District Admin, I/O, Kathy Benner, N.C. I/O, Dan Bannish, MD, I/O, Pat Morris, Nursing Supervisor, Richard Bush, H.S.A., Helfand, MD, Douglas, C.S.W., Nick Seri, C.S.W., Judy**

---

[*]Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

**Malloy, Tony Puco, N.C., Marmora, Unit Mgr,
Travogline, Capt., Buchanan, MD, Castro, MD,**

*Defendants-Appellees*,

_____

**FOR PLAINTIFF-APPELLANT:**      Paul Robert Germano, *pro se*, Newtown, CT.

**FOR DEFENDANTS-APPELLEES:**     Ann E. Lynch, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Appellant Paul Robert Germano, *pro se*, appeals from four district court orders: (1) the August 20, 2010 order denying his motion for the appointment of counsel; (2) the March 28, 2011 order partially granting the Appellees' motion to dismiss; (3) the March 30, 2011 order denying Germano's June 2010 request for a preliminary injunction directing the Appellees to return his confiscated books; and (4) the April 6, 2011 order granting the Appellees' motion to depose Germano in prison. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons that follow, we have determined that we lack appellate jurisdiction over the appeal.

Although neither party addresses this Court's jurisdiction, "we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). In general, a district court order is appealable only as a final order under 28 U.S.C. § 1291 or Rule 54(b) of the Federal Rules of Civil Procedure, as an

order relating to an injunction or other matter encompassed by 28 U.S.C. § 1292(a), as an interlocutory order certified under 28 U.S.C. § 1292(b), or as an order falling within the collateral order doctrine. *See Whiting v. LaCara*, 187 F.3d 317, 319 (2d Cir. 1999). A final order is an order by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotations omitted). The collateral order doctrine is limited in its application to "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985).

Under Rule 54(b), a district court may direct entry of judgment as to some, but not all, of the claims or parties by "expressly determin[ing] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 35-36 (2d Cir. 1991). Here, the district court's March 28, 2011 order dismissed all of Germano's claims against twelve defendants and some of his claims against the remaining defendants. That order, however, permitted some of Germano's claims to proceed. In so doing, the district court did not direct the entry of judgment as to the dismissed defendants and made no express certification, as required by Rule 54(b), that there was no just reason for delay. Accordingly, we are without jurisdiction at this time to consider the merits of the district court's partial dismissal. *See Clark v. United States*, 624 F.2d 3, 4 (2d Cir. 1980).

Turning to the district court's March 30, 2011 order denying Germano's request to force the defendants to return his confiscated books, 28 U.S.C. § 1292(a)(1) provides that "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts

3

. . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." Injunctive orders are appealable under section 1292(a), however, only if they affect the substance of the plaintiff's basic claim. *See Henrietta D. v. Giuliani*, 246 F.3d 176, 182 (2d Cir. 2001) ("To qualify as an 'injunction' under § 1292(a)(1), a district court order must grant at least part of the ultimate, coercive relief sought by the moving party.") "Procedural rulings which are incidental to the resolution of the substantive issues are not within the scope of this provision." *Shakur v. Malcolm*, 525 F.2d 1144, 1147 (2d Cir. 1975). As we have explained:

> An injunction may be defined as an order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion. It is to be contrasted with an order by a court that regulates the conduct of the litigation, which is not considered an injunction for the purposes of appellate jurisdiction, even though punishable by contempt.

*Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 72 (2d Cir. 1991) (quoting *Gon v. First State Ins. Co.*, 871 F.2d 863, 865-66 (9th Cir. 1989)).

The district court's denial of Germano's request for an order directing the defendants to return his confiscated books was "an order . . . that regulate[d] the conduct of the litigation" rather than one designed to protect the substantive relief sought in Germano's complaint. *Frutiger*, 928 F.2d at 72. Germano's request was "incidental to the resolution of the substantive issues" raised in his amended complaint. He asserted in both his original request in the district court and in his brief on appeal that his purpose for seeking the return of his confiscated books was to perfect his arguments about the treatment he received for his mental illness, an issue material to the development of his Eighth Amendment medical deliberate indifference claim. The district court's denial of this relief, therefore, is also not appealable under section 1292(a).

4

*See Shakur*, 525 F.2d at 1147 (order denying plaintiff's request to force a correctional facility to give attorney-type visiting privileges to three paraprofessionals assisting with the prosecution of plaintiff's civil case found not appealable).

Finally, neither orders denying the appointment of counsel nor orders compelling discovery are independently appealable in the absence of a final judgment. *See Barrick Grp., Inc. v. Mosse*, 849 F.2d 70, 72 (2d Cir. 1988) ("Generally, orders denying or compelling discovery are non-appealable . . . ."); *Welch v. Smith*, 810 F.2d 40, 42 (2d Cir. 1987) ("[A]n order denying a plaintiff the appointment of counsel to represent him in pursuing the merits of a suit under § 1983 may not be challenged separately by a direct appeal.").[1]

Accordingly, because we lack jurisdiction to review any of the orders from which Germano appeals, this appeal must be, and therefore is, **DISMISSED** for lack of jurisdiction.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]We note as well that Germano's April 15, 2011 notice of appeal is untimely as to the district court's August 20, 2010 order. *See* Fed. R. App. P. 4(a)(1); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 354 (2d Cir. 2011) (noting that a timely notice of appeal is a jurisdictional requirement).