**Nikolay MITEV, by and through his Wife and guardian, Kalina Miteva, Plaintiff,**

v.

**RESORT SPORTS LIMITED, Defendant.**

**Case No. 1:15–cv–22707–UU**

United States District Court, S.D. Florida.

Signed September 22, 2015

Filed September 23, 2015

Jason Robert Margulies, Carlos Felipe Llinas Negret, Law Offices of Lipcon, Margulies & Alsina P.A., Miami, FL, for Plaintiff.

Richard Gary Rumrell, Rumrell, Mcleod & Brock, P.A., St. Augustine, FL, Lindsey C. Brock, III, Rumrell, Mcleod & Brock, P.A., Jacksonville, FL, for Defendants.

### ORDER ON MOTION TO REMAND

URSULA UNGARO, UNITED STATES DISTRICT JUDGE

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand. D.E. 9. This Motion is fully briefed and ripe for disposition.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED.

### Procedural History and Background

Plaintiff originally filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida on May 26, 2015. D.E. 1–1. On July 20, 2015, Defendant removed this action to federal court, alleging that the Court has original jurisdiction over this action under admiralty and maritime law and is removable pursuant to 28 U.S.C. §§ 1331 and 1333. D.E. 1.

The following allegations are taken from Plaintiff's Complaint filed in state court. On February 28, 2015, Plaintiff was employed by Defendant as a seaman. D.E. 1–1 ¶ 9. Plaintiff worked on Defendant's vessel, *The Galleon. Id.* ¶ 5. On that date, there was an explosion and fire aboard *The Galleon. Id.* ¶ 11. This explosion caused severe injury to Plaintiff. *Id.* ¶ 14. Following this incident, Defendant failed to advance payment for Plaintiff's food and shelter, medical care and treatment, and sick wages. *Id.* ¶ 23. Defendant also allegedly failed to provide Plaintiff with prompt, proper, adequate and complete medical care. *Id.* ¶ 30. Based on these allegations, Plaintiff brings the following four Counts against Defendant: (I) Jones Act Negligence; (II) Unseaworthiness; (III) Failure to Provide Maintenance and Cure; and (IV) Failure to Treat.

On July 20, 2015, prior to removing this action to federal court, Defendant filed a motion to dismiss in state court. D.E. 1–4. Defendant's three-page motion argues that this action should be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, *forum non conveniens,* insufficiency of process, insufficiency of service of process, and failure to state a claim. Defendant does not set forth clear arguments supported by

fact and case citations, and instead states each ground for dismissal in a separate paragraph.

On July 24, 2015, Plaintiff filed a Motion to Remand this action to state court. D.E. 9. Plaintiff argues that his Jones Act Negligence claim cannot be removed, and that the Defendant may not remove general maritime law claims to federal court without an independent basis for jurisdiction.

### Legal Standard

■ "Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" 28 U.S.C. § 1441(a). "A removing defendant has the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.*

### Discussion

Plaintiff moves for remand because he contends he has adequately alleged a Jones Act negligence claim, and Jones Act claims cannot be removed because the Jones Act incorporates by reference the Federal Employees Liability Act, including 28 U.S.C. § 1445(a), which bars removal.[1] Further, Plaintiff maintains that regardless of whether he is a proper Jones Act seaman, Defendant cannot remove general maritime claims to federal court without an independent basis for jurisdiction due to the operation of 28 U.S.C. § 1333(1) and its "saving to suitors clause." Defendant responds that the Court should not address whether removal was proper, and should instead dismiss this case on *forum non conveniens* grounds based on the Supreme Court's holdings in *Sinochem International Co. v. Malaysia International Shipping Corp.,* 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) and *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). Alternatively, Defendant contends the "saving to suitors clause" is no impediment to removal in light of the 2011 amendment to 28 U.S.C. § 1441(b).

In *Sinochem,* the Supreme Court found that the district court could address whether dismissal was proper on *forum non conveniens* grounds prior to addressing a complex issue of first impression as to whether it properly had subject matter jurisdiction over the action. 549 U.S. at 432, 436, 127 S.Ct. 1184 ("A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."). In *Ruhrgas,* the Supreme Court held that a district court may exer-

---

1. *See Am. Dredging Co. v. Miller,* 510 U.S. 443, 460, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) ("[Congress] also appears to have withheld from Jones Act defendants the right of removal generally applicable to claims based on federal law.").

cise its discretion and address a "straight-forward personal jurisdiction issue presenting no complex question of state law" before turning to complex and novel questions of subject-matter jurisdiction, including the propriety of removal from state court. 526 U.S. at 588, 119 S.Ct. 1563. In other words, the Supreme Court held in these cases that trial courts have the discretion to decide threshold issues, such as *forum non conveniens* and personal jurisdiction, before reaching the issue of subject matter jurisdiction, but nothing in these cases suggests that district courts are required to do so.

Here, the Court chooses to exercise its discretion to first address whether removal was proper. As discussed below, whether removal was proper is an easily resolved issue in contrast to Defendant's *forum non conveniens* argument, which requires a multi-factored choice of law analysis. Although Defendant is correct that the interpretation of 28 U.S.C. § 1441(b) as applied to maritime and admiralty cases is a matter of first impression in this Court, it can be easily addressed based on the reasoning of the majority of other district courts that have addressed this question. Further, as the Court finds that this case should be remanded, the more prudent course is to remand and allow the state to address the remaining issues raised by the parties. *See Univ. of So. Ala.*, 168 F.3d at 412 ("We add, in light of the significant federalism concerns raised by removal and the principle that all doubts about jurisdiction should be resolved in favor of remand, see supra, that it would be more prudent to remand this case pursuant to 28 U.S.C. § 1447(c) and provide the state court with the opportunity to resolve this unique and complicated question of state law."); *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986) (finding where personal jurisdiction and subject-matter jurisdiction are equally easy to resolve, "federalism concerns tip the scales in favor of initially ruling on the motion to remand").

█ Turning to Plaintiff's Motion to Remand, Defendant argues that removal is proper because 28 U.S.C. § 1441(b), as amended in 2011, deleted language that previously prohibited the removal of admiralty and maritime claims on the sole basis of admiralty and maritime jurisdiction. In support, Defendant relies on some recent decisions by district courts in the Fifth Circuit, most notably *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D.Tex. 2013). In *Ryan*, the district court held that the "saving to suitors clause" of 28 U.S.C. § 1333 does no more than preserve the right of maritime suitors to pursue non-maritime common law remedies—it does not guarantee suitors a non-federal forum and it does not address the rights of defendants to remove maritime actions to federal courts. Therefore, the *Ryan* court concluded, 28 U.S.C. § 1441, as amended to provide that "any action" in the original jurisdiction of the federal courts is removable unless "otherwise expressly provided by Congress," allows the removal of such actions without the necessity of an independent basis of federal jurisdiction. 945 F.Supp.2d at 778.

█ Under 28 U.S.C. § 1333(1), federal courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The "saving to suitors" clause allows state courts to exercise concurrent jurisdiction over maritime tort claims. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001) ("[T]he Court de-

fined the saving to suitors clause as a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts."); *see J.P. v. Connell,* 93 F.Supp.3d 1298, 2015 WL 1346976 (M.D.Fla. Mar. 26, 2015). A district court's admiralty jurisdiction is " 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." *Madruga v. Superior Court,* 346 U.S. 556, 561, 74 S.Ct. 298, 98 L.Ed. 290 (1954).

Prior to 2012, federal law was well-settled that maritime tort actions commenced in the state courts were non-removable in the absence of an independent jurisdictional basis by operation of the "saving to suitors clause" and 28 U.S.C. § 1441(b). That was because prior to 2012, 28 U.S.C. § 1441(b) provided the following:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006). In other words, because general maritime actions could be brought in state court under common law, i.e. not "founded on a claim or right arising under the Constitution, laws or treaties of the United States," they were not removable in the absence of diversity of citizenship. *See Armstrong v. Ala. Power Co.,* 667 F.2d 1385, 1388 (11th

Cir.1982) ("In Romero, the Court decided that a general maritime claim—as is involved in this case—does not arise under the Constitution, laws, or treaties of the United States for purposes of federal question jurisdiction.").

However, in 2011, Congress amended § 1441 by eliminating the language restricting the removal of actions to those "founded either on a claim or right arising under the Constitution, treaties or laws of the United States" by providing as follows:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

> (b) Removal based on diversity of citizenship.–(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of the title, the citizenship of defendants sued under fictitious names shall be disregard. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2012). Thereafter, some district courts, like the *Ryan* court, held that the amendment permitted removal of all actions in the original jurisdiction of the United States, including non-diverse maritime actions, without an independent basis for jurisdiction. *See Ryan v. Hercules Offshore, Inc.,* 945 F.Supp.2d 772, 778 (S.D.Tex.2013); *Boudreaux v. Global Offshore Resources, LLC,* No. 14–2507, 2015

WL 419002, at *4 (W.D.La. Jan. 30, 2015) (summarizing cases that follow *Ryan*). These courts rely on the fact that § 1441(b) no longer makes the distinction between claims "arising under the Constitution, treaties or laws of the United States," and "any other such action."

These courts are a small minority. The majority view, with which the undersigned agrees, is that the 2011 amendment to § 1441 does not alter decades of established jurisprudence to allow removal of general maritime claims without an independent basis for jurisdiction. *See Boudreaux*, 2015 WL 419002, at *3 (summarizing cases that do not agree with *Ryan*); *Pierce v. Parker Towing Co.*, 25 F.Supp.3d 1372, 1382 (S.D.Ala.2014); *J.P.*, 93 F.Supp.3d at 1303, 2015 WL 1346976, at *4 (relying on four recent cases that disagree with *Ryan*). This is because, as amended, § 1441 allows removal of any civil action in the original jurisdiction of the federal courts "[e]xcept as otherwise expressly provided by Act of Congress." Chapter 28 of the United States Code, Section 1333(1) is perforce an Act of Congress and that Act has been interpreted for decades as preserving to maritime suitors the right to pursue maritime tort claims in state courts. Hence, maritime tort actions remain non-removable in the absence of an independent basis of federal jurisdiction.

■  Here, Plaintiff's state court Complaint alleges a Jones Act negligence claim, and three common law maritime claims. D.E. 1–1. Plaintiff seeks damages and demands a jury trial and is therefore pursuing his common law remedies. Accordingly, Defendant must establish that the Court can exercise jurisdiction over this action on an independent basis apart from the Court's admiralty jurisdiction, which Defendant cannot do. This action does not arise under the Court's § 1332 diversity jurisdiction because both Plaintiff and Defendant are foreign citizens.[2] *See Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 232 F.3d 854, 860 (11th Cir.2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides."). Further, Plaintiff's common law maritime claims do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *J.P.*, 93 F.Supp.3d at 1301, 2015 WL 1346976, at *2 ("Moreover, a case with a general maritime nature requesting common law remedies does not provide a ground for federal jurisdiction."). Finally, regardless of whether or not it has been properly alleged or can be applied to Plaintiff, Plaintiff's Jones Act claim, although arising under a federal statute, is not "subject to removal to federal even in the event of diversity of the parties," and thus does not create an independent basis for removal jurisdiction. *Lewis*, 531 U.S. at 455, 121 S.Ct. 993. Accordingly, this action will be remanded to state court. *See Gregoire v. Enter. Marine Servs., LLC*, 38 F.Supp.3d 749, 764–65 (E.D.La.2014) (remanding Jones Act and general maritime claims to state court because court did not have a basis for jurisdiction over maritime claims).

■  Despite finding remand is proper, the Court will not award Plaintiff the requested attorney's fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order re-

---

**2.**  It is not disputed that Plaintiff is a citizen of Bulgaria and Defendant is a citizen of the Cayman Islands. D.E. 30; D.E. 1–4 at 7, ¶ 13.

**1372**

manding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* As many other courts have found in these circumstances, the effect of § 1441(b)'s amendment is currently being contested in district courts and therefore removal on such a basis is not objectively unreasonable. *See Riverside Constr. Co. v. Entergy Miss., Inc.*, 626 Fed.Appx. 443, 446, 2015 WL 5451433, at \*3 (5th Cir. Sept. 17, 2015) ("There is disagreement among district courts in this circuit, however, regarding whether general maritime claims are removable, even absent an independent basis for jurisdiction, in light of Congress's December 2011 amendment to 28 U.S.C. § 1441(b)."); *J.P.*, 93 F.Supp.3d at 1303, 2015 WL 1346976, at \*4. Accordingly it is

ORDERED AND ADJUDGED that the Motion, D.E. 9, is GRANTED. This cause is REMANDED to the 11th Judicial Circuit in and for Miami–Dade County, Florida pursuant to 28 U.S.C. § 1447(c) for LACK OF SUBJECT MATTER JURISDICTION. It is further

ORDERED AND ADJUDGED that the Clerk of Court shall administratively close this case.

DONE AND ORDERED