Lillian P. BRYANT, Plaintiff,

v.

AUTO CLUB INSURANCE ASSOCIATION a/k/a Auto Club Group Insurance Company a/k/a Auto Club Casualty Insurance Company, Defendant.

No. 1:88–CV–378–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 25, 1989.

---

Fred A. Gilbert, Gilbert & Montlick, Decatur, Ga., Todd Kevin Maziar, Gort, Hassett, Cohen & Beitchman, Atlanta, Ga., for plaintiff.

Charles A. Wiley, Jr., Fain, Major & Wiley, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the court on defendant's motion to dismiss for lack of personal jurisdiction and on plaintiff's motion to remand to the state court.

Plaintiff filed this motion in the State Court of Fulton County in January 1988. Defendant filed a petition for removal pursuant to 28 U.S.C. § 1446 on February 24, 1988, based upon diversity of citizenship. It has now come to the defendant's attention that there is not complete diversity between the parties, and therefore, this court may not exercise subject matter jurisdiction. 28 U.S.C. § 1332, Motion for Order Remanding Action to State Court, by Plaintiff & Brief in Support of Motion to Dismiss, by Defendant.

Both parties are in agreement that this court may not exercise subject matter jurisdiction over this controversy and removal was improvidently granted. However, defendant's have asked the court to dismiss the case because of improper service and lack of personal jurisdiction over the defendant, and plaintiff has asked the court to remand the case back to Fulton County Superior Court pursuant to 28 U.S.C. § 1447.

When a District Court is faced with a motion to dismiss for lack of personal jurisdiction and a motion to remand the case to state court on the basis that removal was improvidently granted, there is authority for the proposition that the court may dispose of the case upon either of the two grounds that it deems "most convenient". *Walker v. Savell*, 335 F.2d 536, 539 (5th Cir.1964). In this case there is no question that the court lacks subject matter jurisdiction over the controversy. However, it appears from the scant record available to this court that there might be complicated issues involved in the determination of defendant's amenability to suit in Georgia. It appears to this court that the determination of the motion to dismiss for lack of personal jurisdiction would at least involve additional briefing, and possibly an evidentiary hearing as well.

In a very similar case in Illinois the Seventh Circuit Court of Appeals held that:

[T]he district court was required to delve into difficult questions of Illinois law concerning ... the scope of that state's long arm statute. It should not have considered these issues when it was presented with a federal question of at least equal, if not less, difficulty relating to complete diversity among the parties.

*Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir.1986).

Concerns of Federalism tip the scales in favor of this court ruling initially on the motion to remand. In *Allen* the Seventh Circuit stated that when a suit is removed on the basis of diversity of citizenship the District Court should verify the existence

of subject matter jurisdiction at the outset of the litigation if it appears that complete diversity is lacking. Since there is no basis for this court exercising subject matter jurisdiction, and the questions of in personam jurisdiction appear more intricate, the court finds that the case should be remanded to state court for all further proceedings.

CONCLUSION

The Court finds that removal was improvidently granted. Since complete diversity does not exist between the parties the court does not have subject matter jurisdiction over this case. The Defendant's motion to dismiss is DENIED and Plaintiff's motion to remand the case to the State Court of Fulton County is GRANTED.