**Janice WIND, Plaintiff,**

v.

**ELI LILLY & COMPANY, E.R. Squibb & Sons, Inc., and the Upjohn Company, Defendants.**

**No. CV 93–512 (JBW).**

United States District Court, E.D. New York.

Feb. 23, 1993.

---

9. The detectives' aggressive arrest behavior and their mistaking Scopo for his brother are also informative. *Tr.* at 84–85.

Leonard Finz, Stuart Finz, Joseph Lichtenstein, Law Offices of Leonard L. Finz, P.C., New York City, for plaintiff.

Russel H. Beatie, Jr., Beatie, King & Abate, New York City, for Eli Lilly and Co.

Jay P. Mayesh, Stroock, Stroock & Lavan, New York City, for Upjohn Co.

## AMENDED

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Plaintiff's motion to remand this matter to the state court is granted. The one-year time limitation on removal of diversity jurisdiction cases in 28 U.S.C. § 1446(b) precludes defendants from removing this case to federal court more than six years after the complaint was filed. The statute as amended in 1988 must be applied to all pending cases including those commenced prior to the amendments. While the court has power to grant discovery requests while it is considering the remand motion, in the exercise of discretion these requests are left for the state court after remand.

### I. FACTS

Plaintiff Janice Wind, a New York domiciliary, sued defendant pharmaceutical companies in New York state court in 1986. She claimed injuries resulting from her mother's ingestion of the drug diethylstilbestrol ("DES") during pregnancy. Justice William D. Friedmann, Supreme Court of New York, Queens County, has presided over motions and discovery. Defendants Eli Lilly & Company ("Lilly") and The Upjohn Company ("Upjohn") claim that on January 29, 1993, shortly before jury selection was to begin,

plaintiff reached a settlement with defendant E.R. Squibb & Sons, Inc. ("Squibb"). Although there is no written record available, Lilly and Upjohn point to Squibb's absence from subsequent court proceedings as evidence confirming Squibb's advice that it had settled.

On February 4, 1993 defendants Lilly and Upjohn removed the case to federal court pursuant to 28 U.S.C. § 1441. Their grounds were that with Squibb, the only New York defendant, no longer in the case, complete diversity exists between the plaintiff and the remaining defendants. *See* 28 U.S.C. § 1332. Defendants believe that removal would be advantageous because the federal court offers them greater latitude in conducting discovery. Based on information allegedly recently uncovered, they contend that if they are permitted to depose the doctor of plaintiff's mother and obtain the mother's medical history, they could obtain proof that plaintiff was never exposed to DES *in utero*. Such discovery in state court is limited. *See In the Matter of New York County DES Litigation*, 168 A.D.2d 44, 570 N.Y.S.2d 804 (1st Dep't 1991).

Plaintiff moves to remand the case to state court. *See* 28 U.S.C. § 1447. She characterizes defendants' attempt to remove the case on the eve of trial as "frivolous" and a "misuse[ ] [of] the judicial process." Transcript at 6 (Feb. 4, 1993).

First, plaintiff denies that any settlement was reached by her with Squibb because she did not consent to it. She states in an affidavit:

> That I was advised that due to a confidentiality agreement entered into between the Squibb attorneys and my attorneys, the total sum could not be communicated to me.
>
> That I was advised that the sums that would be allocated to each of the plaintiffs represented by the Finz office would depend upon many factors such as the strength and weakness of each individual case.
>
> That this procedure of a "global sum" was consistent and in keeping with the manner in which cases that fell into the category of mass tort litigation was handled historically by the Courts and the Special Master in the past.
>
> That I advised my attorneys that I would not settle with Squibb without settling with all of the named defendants in my case.
>
> That I did not consent to a piecemeal settlement with any single defendant and that I would give consent only to a settlement with all defendants at the same time.

Affidavit of Janice Wind ¶¶ 5–9.

Defendants argue that plaintiff's purported refusal to accept the Squibb settlement is in bad faith and is motivated solely by plaintiff's desire to avoid removal to federal court. It was only upon the filing of the removal document, defendants claim, that there was any dispute as to the existence of a settlement between plaintiff and Squibb. They urge the court to hold a hearing on the circumstances surrounding the settlement. For reasons indicated below, the court need not consider the serious factual, ethical and privilege problems raised in this affidavit proffered by plaintiff's attorney.

Second, plaintiff claims that even if complete diversity now exists, as a result of Squibb's absence from the case, removal would still be precluded by 28 U.S.C. § 1446(b) which places a limitation of one year from the commencement of an action for a defendant to remove the action to federal court based on diversity of citizenship. She argues that the statute, which was amended in 1988 to include this one-year limitation, should be applied to cases initiated prior to the amendment. Defendants submit that the one year limitation in the present statute should not be applied to cases brought prior to the 1988 amendment.

Finally, plaintiff claims that even if the court finds that the removal statute should not be applied retroactively, defendants are precluded from removing the case under the pre–1988 version of the statute because the case was removable from its inception in 1986. According to plaintiff, defendants' receipt of pleadings in numerous other DES cases involving Squibb put them on notice that Squibb is not a New York domiciliary. Defendant Squibb's absence from the litiga-

tion, therefore, would have no effect on the diversity issue. If defendants wanted to petition for removal they should, plaintiff contends, have done so in 1986, thirty days after defendants received the initial pleadings.

Also at issue is whether defendants possess the "order or other paper" required by 28 U.S.C. § 1446(b) which would serve as notice that diversity of citizenship now exists. Although defendants concede that they have no tangible document to evidence the settlement with Squibb, they argue that the settlement discussion coupled with the subsequent absence of Squibb from the proceedings constitute a good faith basis for the removal petition.

In the interim, while the remand motion is being decided, the court has before it defendants' discovery request. Plaintiff objects to any action by the court that affects the substance of the litigation. She insists that the court has only limited power to consider the issue currently before it—whether the case may be removed to federal court.

## II. LAW

### A. *Power of the Court to Order Discovery While the Remand Motion is Pending*

■ The filing of a removal petition provides the federal court with full jurisdiction and power over the action. "After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The removal case proceeds according to the Federal Rules of Civil Procedure and is treated as though it had been commenced originally in the federal court." 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3738 at 556 (2d ed. 1985); *see also* Fed. R.Civ.P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); *First. Nat. Bank. v. Johnson & Johnson*, 455 F.Supp. 361, 363 (E.D.Ark.1978) ("It is elementary that federal jurisdiction attache[s] regardless of the actual merits of the petition for removal.")

There can be little doubt that the federal court is not inhibited from exercising its normal powers simply because the case comes to it by way of removal. As the Supreme Court has observed,

> [O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal.... The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal.

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974); *see also In re Memorial Estates, Inc.*, 797 F.2d 516, 519 (7th Cir.1986) ("When a suit is removed from state to federal court, the federal court has, with immaterial exceptions, all the powers that the state court would have had to preserve the rights of the parties pending final judgment, including the power to appoint a receiver....") (citations omitted).

■ Actions, orders and rulings made by a district court pending consideration of a remand motion continue to be valid even if the case is later remanded to state court. *See generally* 1A James W. Moore et al., *Moore's Federal Practice* § 0.169[2.–2] (2d ed. 1992) ("Orders entered by the district court prior to a remand order are not nullities."). *See also Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990) ("[T]he fact that a motion for remand [is] pending does not excuse failing to pursue discovery diligently."); *Kron Medical Corp. and Imaging Associates v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C.1988) (motion to stay discovery pending transfer denied as such motions are "not favored.")

■ When presented with both a motion to remand and another motion, the district court has discretion to decide which motion to rule upon first. *See, e.g., Nolan v. Boeing Co.*, 736 F.Supp. 120, 122 (E.D.La.1990); *Bryant v. Auto Club Ins. Ass'n*, 704 F.Supp. 1060, 1061 (N.D.Ga.1989); *but see Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir.1986) ("[F]ederalism concerns tip the scales in favor of initially ruling on the motion to remand.").

No controlling law forecloses issuing a discovery order at this time. Section 28 U.S.C. § 1447(c) states that a motion to remand must be made within 30 days of removal. The statute contemplates relatively prompt disposition of the question of removal. Often, however, a substantial period of time elapses between the filing of a removal petition and the court's ruling on the motion to remand. *See, e.g., Ryan v. Dow Chemical Co.,* 781 F.Supp. 902, 913 (E.D.N.Y.1991) (remand motion, October 1990) and *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934 (E.D.N.Y.1992) (remand order, January, 1992). It would not be in the interests of any party to have the wheels of justice automatically come to a halt while the remand motion is pending. Parties in civil cases are already facing too many delays because of the increasing volume and complexity of civil cases. *See* The Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.* (mandating that federal courts create civil delay reduction plans to help alleviate the backlog).

Among the considerations pertinent to exercise of the court's discretion in granting discovery are 1) comity, 2) the need for discovery and 3) the time lost while the motion to remand is pending. The federal courts recognize that state courts are fully capable of protecting the rights of litigants. Although the rules of discovery in state court may be more restrictive, they are not demonstrably less fair than those applied in federal court. Here an able and experienced state trial judge has considered and supervised discovery closely. He is scheduled to select a jury in this case and start the trial tomorrow. Both sides should be fully prepared so that urgent calls for last minute disclosure are not likely to be considered favorably. Since the motion to remand is being decided a few days after it was made and a day before the state jury will be selected, no delay is occasioned by the removal and remand motion.

### B. *Removal*

Removal of this case is governed by 28 U.S.C. § 1446(b). The statute was amended in 1988 by Section 1016 of the Judicial Improvements and Access to Justice Act, P.L. 100–702 (the "Act"). *See generally* David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New Judicial Improvements and Access to Justice Act,* 123 F.R.D. 399, 403–05 (1989). Prior to its amendment in 1988, for cases where the initial pleadings did not permit removal, the only time limit the statute contained was a thirty-day limit after receipt by defendant of notice that the case had become removable. The amended statute, with the critical phrase added in 1988 in italics, reads:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

The statute is silent on whether it is to be applied to cases pending at the time of amendment. The majority of courts have applied the statute retroactively. *See, e.g., Leidolf by Warshafsky v. Eli Lilly & Co., Inc.,* 728 F.Supp. 1383, 1388 (E.D.Wis.1990); *Strickland v. A.P. Propane, Inc.,* 721 F.Supp. 284, 286 (M.D.Fla.1989); *Coman v. Intern. Playtex Inc.,* 713 F.Supp. 1324, 1328 (N.D.Cal.1989); *Greer v. Skilcraft,* 704 F.Supp. 1570, 1573–83 (N.D.Ala.1989). But, cf., declining to apply it retroactively: *H.P. Livers & Associates, Inc. v. Tube Specialty Companies, Inc.,* 1989 WL 408175, 1989 U.S.Dist.Lexis 11909 (W.D.Mo.1989); *Campbell v. Dominick & Dominick, Inc.,* 872 F.2d 358, 361 (11th Cir.1988) (Section 1019).

The Second Circuit has on one occasion construed a sister statute to the one at issue in the instant case but did not reach the issue of whether it required retroactive application. *See Morgan Guaranty Trust Co. of New York v. Republic of Palau,* 971 F.2d 917 (2d Cir.1992) (Section 1447(c) governing costs and attorneys fees for removal). The matter is apparently one of first impression in this circuit.

In *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court reaffirmed its decision in *Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), and rejected a *per se* rule that a change in the law is to be given effect in a pending case only where the intention of the legislature is clearly stated. The Court announced the general rule that a new statute should be applied to cases pending on the date of its enactment unless "manifest injustice" would result. *Bradley*, 416 U.S. at 717, 94 S.Ct. at 2019. As the Court has stated on several occasions, "[n]o one has a vested right in any given mode of procedure." *Ex parte Collett*, 337 U.S. 55, 71, 69 S.Ct. 944, 952–53, 93 L.Ed. 1207 (1949), citing *Crane v. Hahlo*, 258 U.S. 142, 147, 42 S.Ct. 214, 216, 66 L.Ed. 514 (1922). *See also Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967).

The procedural nature of the removal statute argues strongly for its application to all current cases. *See In re DES Cases*, 789 F.Supp. 552, 572 (E.D.N.Y.1992) ("The parties are governed by the substantive common law and jurisdictional law in effect at the time of the suit."). The same procedural rules should be enforced in all pending litigation unless there is a strong reason to depart from this rule. In making procedural rulings the court should not have to look back over the course of many pending litigations started at many different times to determine which rule should apply. Such a practical result is particularly desirable in view of the frenzy of amendments to procedural regulations, rules and statutes now inundating the bar and courts. Particularly in the case of protracted litigation, when considering the application of procedural rules, "it is more important that the applicable rule of law be settled than that it be settled right." *Sheet Metal Workers Inter. Ass'n, AFL–CIO v. Carter*, 450 U.S. 949, 952, 101 S.Ct. 1410, 1412, 67 L.Ed.2d 378 (1981) (Rehnquist, J., dissenting) (urging Court to grant certiorari of circuit court's review of an unreviewable remand order through a petition for a writ of mandamus), quoting *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406, 52 S.Ct. 443, 447, 76 L.Ed. 815 (1932) (Brandeis, J., dissenting).

Several subsequent decisions of the Court have created some ambiguity as to its position on retroactivity of civil statutes. *See Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) ("'[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *Kaiser Aluminum and Chem. Co. v. Bonjorno*, 494 U.S. 827, 837–40, 110 S.Ct. 1570, 1577–78, 108 L.Ed.2d 842 (1990) (failing to resolve the "apparent tension" between *Bradley* and *Bowen* because the plain language of the statute at issue resolved the retroactivity question). Because the Supreme Court has not given clear direction on the issue, an examination of congressional intent in enacting the amendment may provide guidance.

The legislative history of the Act reveals that Congress was concerned with avoiding problems caused by the disruptive removal of a case after it has progressed through several stages in state court. 1988 U.S.Code Cong. & Admin.News 5982, 6032–33: Congress was aware that it was reducing the opportunity for removal of cases late in the proceedings. *Id.* The amended statute took effect the day it was approved by the President.

The instant case falls squarely within the contemplation of the legislature. After pending for nearly seven years in the state court, defendants removed it on the eve of trial. The 1988 procedural change results in no manifest injustice to the defendants. It will neither expand their liability nor impair their substantive rights.

## III. CONCLUSION

The case is remanded to the state court. No additional discovery requests are granted by this court. The court does not reach the issues of whether there is now diversity of citizenship among the parties, whether the failure to accept the "settlement" was an attempt to deny this court jurisdiction or whether defendants fulfilled the "paper" requirement of the removal statute. Nor need

the court decide whether the type of settlement and relationship between plaintiff and her counsel described by plaintiff in her affidavit is appropriate.

SO ORDERED.